FILED
CLERK, U.S. DISTRICT COURT

**4/23/2020**

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DD___ DEPUTY

1 Derrick S. Lee

2 e92m3lighting@gmail.com

3 710 Silver Valley Trail

4 Walnut, California 91789

5 Telephone: (909) 896-1858

6 Defendant in Pro Se

7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10

11 Amazon.com, Inc.,                    § Case No. 2:20-cv-03718-DSF(KSx)

12 a Delaware corporation,              § NOTICE OF REMOVAL UNDER 28 U.S.C § 1441(b)

13                                      § DIVERSITY BY DERRICK S. LEE

14                                      §

15          Petitioner,                 §[Filed concurrently with Civil Cover Sheet and Notice of

16     v.                               § Interested Parties]

17 Derrick S. Lee,                      §

18 an individual,                       §

19                                      §

20          Respondent.                 § Petition Filed: January 30, 2020

21 _____     §

22                                      §

23

24                                      RECEIVED
                                        CLERK, U.S. DISTRICT COURT
25
                                        **4/22/2020**
26
                                        CENTRAL DISTRICT OF CALIFORNIA
27                                      BY: ___DD___ DEPUTY

28

NOTICE OF REMOVAL BY DERRICK S. LEE

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to **28 U.S.C. §§ 1332, 1441, 1446**, Defendant Derrick S. Lee, hereby removes this civil action from the Superior Court of California for the county of Los Angeles, where it is currently pending as Case No. 20STRO00703, to the United States District Court for the Central District of California, Western Division.

This court has original jurisdiction over this action under **28 U.S.C § 1332(a)** on the grounds that **complete diversity** exists between all parties and the amount in controversy exceeds the sum of **$75,000**, exclusive of interest and costs. Plaintiff Amazon.com, Inc. is a Delaware corporation with its principle place of business in Seattle, Washington, and Defendant Derrick S. Lee, is and has been at all relevant times, a permanent resident, and citizen of the State of California.

**BACKGROUND**

Defendant, Derrick S. Lee, denies all allegations along with statue of limitations affirmative defense and unclean hands affirmative defense against amazondotcom.xml (a stalking backdoor) attached hereto as **Exhibit 0 and 1.** Affirmative defenses are defined. The plaintiff (amazondotcom.xml) strikes defendant on a daily basis.

On January 30, 2020, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled, Amazon.com, Inc., v. Derrick Lee, as Case Number 20STRO00703. Pursuant to **28 U.S.C § 1446(a)** a copy of petition is attached hereto as **Exhibit 2.**

Nothing contained in this Notice of Removal or accompanying papers is intended to waive or relinquish any of the Defendant's right to seek equitable relief, all rights of which are expressly reserved.

**GROUNDS FOR REMOVAL**

As set forth more fully below, this Court has subject matter jurisdiction under **28 U.S.C § 1332**, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

I.      **The Amount-In Controversy Requirement is Satisified.**

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Cohn v. Petsmarts, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (quoting Hunt v. Wash. State Apple Advert. Comm'n 432 U.S. 333, 347 (1977)). The Ninth Circuit employs the "either viewpoint" test to termine the value of the litigation. Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 775 (9th Cir. 2017). "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." In re Ford Motor Co./Citibank, 264 F.3d 952, 959 (9th Cir. 2001). This determination may be made upon either what the plaintiff may gain in gross sales, or what the Defendant may lose.

Under 28 U.S.C § 1446(b), a defendant has thirty days to remove if the complaint reveals a basis for removal. If the complaint or any other **paper** on its face does not provide the basis for removal and the defendant's own investigation discovered grounds for removal, then defendant can remove the case up to one year after the commencement of the action.

Add Page

Amazon.com, Inc., a corporation, generates more than $200,000,000 per year as a reasonable estimate, Amazon.com, Inc., generates more than $75,000 in profits per day as a result, the amount in controversy substantially exceeds $75,000. Where injunctive relief is sought, the value of the object of the underlying litigation determines the amount in controversy. Illegal proceeds defined as a corporation is a direct result of an illegally obtained ex-parte protection order, also as a entire corporation.

## II.    The Other Prerequisites for Removal Are Satisfied.

This notice of removal is timely filed. If a defendant learns during discovery that the amount in controversy exceeds $75,000, defendant can remove even though the 30-day windows for removal has closed. Nevertheless, the defendant still must seek removal removal within 30 days of obtaining the new information indicating satisfaction of the jurisdictional amount **28 U.S.C § 1446(c)(3)(A)**. The defendant has 30 days to remove a case from receipt of notice by "service or otherwise" of a **"paper"** that shows the case is removable. **This determination may be made upon either what the plaintiff may gain, or what the Defendant may lose.** The defendant learned the amount in controversy well exceeds $75,000 after receipt of notice by a paper on March 23, 2020 from Superior Court for the County of Los Angeles, which caused the defendant to launch an investigation and discovered an ex-parte protection order was illegally granted as an entire corporation. The legal standard of six months was never satisfied as no evidence ever existed to begin with, **since no injury** occured, and in fact only the defendant was illegally injured on the contrary. A copy of receipt of notice is attached hereto as **Exhibit 3** and it was mailed by Department 63, Room 604.

This action is properly removed to the United States District Court for the Central District of California, Western Division, which is "the district and division embracing the place where [the] action is pending." **28 U.S.C § 1441(a)**. Venue is proper in this Court pursuant to **28 U.S.C § 1441(a)** and **28 U.S.C § 1446(a)** because the U.S. District for the District of California is the federal judicial district embracing the Circuit Court for Los Angeles, California where the State Court Action was originally filed.

## III.    Fraudulent Joinder Doctrine.

It is well settled that a fraudulent joinder can be established in either of two ways. A fraudulent joinder can be established by showing that there is outright fraud in the pleading of jurisdictional facts. Or, more commonly, a fraudulent joinder can be established by showing that the plaintiff has no possibility of establishing a cause of action against the non-diverse defendant.

An exception to the requirement of **complete diversity** exists where a defendant has been fraudulently joined to defeat diversity. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in a lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state. "Id. at 1067. The defendant "is entitled to present the facts showing the joinder to be fraudulent." Id. Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). <u>Plaintiff failed to state a claim on which relief can be granted.</u>

A more egregious form of fraud in the pleading of jurisdictional facts occurs when there is **collusion** between the plaintiff and a non-diverse defendant. The plaintiff had no real intention of prosecuting a claim against the non-diverse defendant, but joined the non-diverse defendant anyway to defeat diversity jurisdiction. <u>If the resident (non-diverse) defendant is improperly joined, his citizenship is disregarded and the case can be properly removed.</u>

Add Page

IV.    **Statue of Limitations Affirmative Defense.**

On WV-100 form question 7), whereas, **under oath and penalty of perjury**, in regards to involved or other pending court cases, plaintiff selected nothing, which is extremely fraudulent, the true and correct answer is actually, there is a pending case number in question which is Case No. 20WCSC00382 small claims case filed on January 27, 2020, as such, plaintiff stated the facts knowing them to be **fraudulent**, or with enough information within reach so that he/she should have known them to be fraudulent. **May 30, 2019 to January 30, 2020 defined as six months exact.** May 30, 2019 alleged incident never occured, because there never existed any supporting factual evidence such as a medical report. Due to the Statue of Limitations of six months as an affirmative defense, there is no possibility of recovery against the defendant in state court.

V.    **Unclean Hands Affirmative Defense.**

This particular misconduct will invoke the unclean hands affirmative defense and bar plaintiff's claim of relief for amazondotcom.xml (**a stalking backdoor**). The plaintiff, a.k.a. (**amazondotcom.xml**) strikes defendant on a daily basis, in which never ceased on a non-company defendant's laptop. The party must establish that the opposing party committed an "unconscionable act", and the act is related to the claim in which equitable relief is sought. The misconduct "**is arguably related to the litigation**", to be proven that, when accepting the law and facts in light most favorable to the plaintiff, there is no possibility of recovery against the defendant under state law. In addition, on the WV-100-info form which clearly states, An Employer may seek protection under this law if: "The respondent is not engaged in constitutionally protected activity" such as case number 20WCSC00382, filed first, on January 27, 2020, which is 3 days prior to this illegally obtained ex-parte protective order filed on January 30, 2020, due to amazondotcom.xml (a stalking backdoor), the plaintiff already had notice and decided under oath and penalty of perjury with a possible risk, full knowing that illegal agreements, by their nature, will not be enforced by any Court when discovered. This is actually defined as extrinsic fraud.

The majority view is that a removing party's failure to attach the required state court papers to a notice of removal is a mere procedural defect that is curable. Defendants rely on this viewpoint, See, e.g., Cook v. Randolph Cnty., 587 F.3d 1143, 1150 (11th Cir. 2009) (removing party's failure to include all state court pleadings and process with notice of removal was "**procedurally incorrect**" but was not a "juridictional defect"); Riehl v. Nat'l Mut. Ins. Co., 374 F.2d 739, 742 (7th Cir. 1967) (removing party's failure to include state court complaint did not deprive district court of jurisdiction because "the omission was but a minor irregularity of no consequence" and "[t]o permit this minor irregularity to defeat the District Court's jurisdiction would be to elevate form over substance"); Covington v. Indemnity Ins. Co.,251 F.2d 930,932-33 (5th Cir. 1958) (removing party's failure to include "a copy of all process, pleadings, and orders served upon him" was a mere procedural defect, and not a jurisdictional defect necessitating remand, and that missing state court papers could be supplied later); see also 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3733 (2010) ("**The failure to conform to these procedural rules is not a jurisdictional defect, and both the failure to file all the state court papers or to provide the Rule 11 signature are curable in the federal court if there is a motion to remand.**") Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 (11th Cir. 1985) (noting that failure to file papers required by the removal statute may be remedied); Yellow Transp., Inc. v. Apex Digital, Inc., 406 F. Supp 2d 1213, 1219 (D. Kan. 2005).

Pursuant to **28 U.S.C § 1446(d)**, a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit 4**, together with this Notice of Removal, will be served upon counsel for plaintiff and will be filed with the clerk of the Superior Court for the County of Los Angeles.

Add Page

1    By filing this Notice of Removal, Defendant does not waive its right to seek equitable remedy, or to
2  object to jurisdiction over the person, or venue, and specifically reserves the right to assert any defenses
   and/or objections to which it may be qualified to assert.

3    Under Federal Rule 65(b), Federal rules require the plaintiff's attorney to submit a declaration
4  indicating the steps taken to attempt to notify the opposing party of the ex-parte motion. Under Federal
   Rule 65(c), A bond is required. "The court may issue a preliminary or a temprorary restraining order only if
5  the movant gives security in an amount that the court considers proper to pay the costs and damages
6  sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers,
   and its agencies are not required to give security. Under Federal Rule 65(f), A bond is not required where the
7  parties have agreed to waive the requirement. See, e.g., Roche Diagnostics Corp. v. Med. Automation Sys.,
   Inc., 646 F.3d 424, 428-29 (7th Cir. 2011) (affirming the district court's decision to issue injunction without
8  bond where contract waived both parties' right to an injunction bond). Under Federal Rule 12(b)(6), the
9  plaintiff failed to state a claim upon which relief can be granted, of which relief can only be granted with
   clean hands, amazondotcom.xml as a stalking backdoor is understandably unethical and highly disfavored
10 without a written contract and actually illegal. Under Federal law, unclean hands is an affirmative defense
   for TRO, which allows for immediate equitable relief in addition to summary judgment for dissolution of TRO.
11 Under Federal law, the plaintff refused to disclose assets for pending case numbers related to the parties
12 when required to do so under oath and penalty of Perjury, this is actually extrinsic fraud, and judgments are
   vacated years later or also defined as "fraud on the court" upon motion to vacate summary judgment.

13   During the pendency of litigation, the court, on motion, may require **additional security** if found
14 necessary, and upon failure to furnish it shall dismiss the action of proceeding with <u>prejudice,</u> having a
   restraining order against a respondent does not prevent a petitioner from being <u>arrested</u> for commiting
15 other types of **crimes** against the respondent, it is well known that police only need probable cause of a
16 crime already **commited** to justify arrest in place of a warrant. As such, of the two prongs as conditions for
   arrest, probable cause is clearly proven beyond a reasonable doubt numerous times in this document.

17                                    **CONCLUSIONS OF LAW**

18   A trial court court may not grant or deny a TRO without first completely analyzing the facts (**not
19 hearsay**) according to Dahlberg Brothers, Inc. v. Ford Motor Co., 137 N.W.2d 314 (Minn. 1965). M.G.M
   Liquor Warehouse Intern., Inc. v. Forsland, 371 N.W. 2d 75, 77 (Minn. App. 1985). Such an order may be
20 found by an appellate court to be a reversible error and abuse of discretion. Id, citing Miller v. Foley, 317
   N.W.2d 691, 693 (Minn. App. 1984), motion to vacate default judgment for extrinsic fraud, and motion to
21 dissolve TRO as abuse of discretion in addition to Unclean Hands Affirmative Defense.

22   It is well proven plaintiff is indeed the actual stalker after all, as any reasonable person can be
23 construed to draw the same verdict based on factual evidence, not mere hearsay. Robert Ehrmentrout was a
   never existed corporate officer signing on behalf of Amazon.com, Inc., **since his real name is John Fortunato.**

24 Dated: April 17, 2020

25                                            By: _____

26
27                                                                 Derrick S. Lee

28                                                            Defendant in Pro Se

Add Page

**CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this notice of removal: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the notice of removal otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: April 17, 2020

Signature of Defendant _____

Printed Name of Defendant   _Derrick S. Lee_____

Add Page

# EXHIBIT 0

1

# EXHIBIT 1

```
<SearchPlugin
xmlns="http://www.mozilla.org/2006/browser/search/">
<ShortName>Amazon.com</ShortName>
<Description>Amazon.com Search</Description>
<InputEncoding>ISO-8859-1</InputEncoding>
<Image width="16" height="16">data:image/x-
icon;base64,iVBORw0KGgoAAAANSUhEUgAAABAAAAAQCAYAAAAf8/9hAAAABGdBT
UEAAK/INwWK6QAAABl0RVh0U29mdHdhcmUAQWRvYmUgSW1hZ2VSZWFkeXHJZTwAAA
HgSURBVHjalFM9TNtQEP4cB7PwM1RITUXIgsRaYEEVEyKZwhiyZAQyd0BhpFOlIjo
BqhjSqVQMoVMLLAjEwECCQJkSkBqJYDOAFOMKFSf28d7DTUxiUDnp/Pzeu/vuu7t3
3ICKF6SLTMv2/lB0fRWKfjwDm4JJisYh0Oo3fpZLYT0SjSCQS8JAFMADNDZ3NZsnf1
taiqVTKi4nGASruk5lkkmTmMB6JUKFQqO+DfX1eABWeQoVR6f7HSdMOobqu48Yw8G
1tDT82NsRd1TSbU9BbGPCog8PDj+jLzurFoAVgMh4XxoNDQ6SqKi0tL9eBvAB8zZw
ymYxYY7EYAoEA8vm82BNTg6XUIs0MeGTZoR1mhXSnwNl4pmAbjU7mcjkKhkLlynMn
ntZ4OEw3VyrV8utk7s5TdW++0QXz+
1i3P7IK36t+PCfVn1OQOoOA0gXr5DPak+cPXbBK+/T3S69AtY3LJ98vZlor/iLr+p
Tuvr59/A6s003UdqZFJF/PCKQ3o5CUznoBST2AfbEF/9iqYYEDaIfwj73VJPEfgNTe
OtWNYR0uwy9uOW0OkrgHI7z5ADo2C7v48nLV3XHKAT+x/lm1sX58xsBxg8rZJrDYD
8DHHp4aJj/MK09sXjPOt46PcCzAACXY8/u34wN0AAAAASUVORK5CYII=</Image>
<Url type="text/html" method="GET"
template="http://www.amazon.com/exec/obidos/external-search/">
  <Param name="field-keywords" value="{searchTerms}"/>
  <Param name="mode" value="blended"/>
  <Param name="tag" value="mozilla-20"/>
  <Param name="sourceid" value="Mozilla-search"/>
</Url>
<SearchForm>http://www.amazon.com/</SearchForm>
</SearchPlugin>
```

1

# EXHIBIT 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| —DAVIS WRIGHT TREMAINE LLP<br>Nicole S. Phillis, SBN 291266<br>865 South Figueroa Street, Suite 2400<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213-633-6800    FAX NO.: 213-633-6899<br>ATTORNEY FOR (Name): Amazon.com, Inc. | **CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JAN 3 0 2020<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Jordan Parkhurst, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Amazon.com, Inc. v. Derrick Lee

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 20STRO000703<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☑ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries; or in a federal court
   c. ☐ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action (specify): 1
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/30/2020
Nicole S. Phillis
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

complete and file along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

MC-030

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>DAVIS WRIGHT TREMAINE LLP<br>Nicole S. Phillis, SBN 291266<br>865 South Figueroa Street, Suite 2400<br>Los Angeles, CA 90017<br>  TELEPHONE NO.: 213-633-6800  FAX NO. (Optional): 213-633-6899<br>E-MAIL ADDRESS (Optional): nicolephillis@dwt.com<br>ATTORNEY FOR (Name): Amazon.com, Inc. | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles, CA 90012
  STREET ADDRESS: 111 N. Hill Street
  MAILING ADDRESS: Same
  CITY AND ZIP CODE: Los Angeles, CA 90012
  BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Amazon.com, Inc.

DEFENDANT/RESPONDENT: Derrick Lee

| DECLARATION | CASE NUMBER: |
|---|---|

I, Nicole S. Phillis, declare and state as follows:

I am an attorney at law duly license to practice before all the courts in the State of California. I am an attorney at the law firm of Davis Wright Tremaine LLP and counsel of record for Amazon.com, Inc. ("Amazon") in the present request for a temporary restraining order against Derrick Lee ("Respondent"). All of the matters set forth herein are personally known to me and, if called as a witness, I would and could competently testify thereto.

On January 30, 2020, I, on behalf of Amazon, intend to file a Petition for Workplace Violence Restraining Order ("TRO") and supporting documents with this Court against Respondent.

I did not give notice to Respondent because if Respondent learns of efforts to obtain a TRO before it is in force, it is likely to aggravate Respondent and further escalate his violent, abusive, and harassing threats against the Amazon employees seeking protection from Respondent.

I ask that the court waive notice to Respondent to help prevent an immediate danger and irreparable harm to my client and the persons seeking protection from Respondent.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 01/30/2020

Nicole S. Phillis
  (TYPE OR PRINT NAME)

_(signature)_
  (SIGNATURE OF DECLARANT)

☑ Attorney for  ☐ Plaintiff  ☑ Petitioner  ☐ Defendant
☐ Respondent  ☐ Other (Specify):

DECLARATION

This MC-031

| PLAINTIFF/PETITIONER: Amazon.com, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Derrick Lee | |

## DECLARATION

My name is Robert Ehrmentrout. I am an employee of Amazon.com, Inc. ("Amazon"). I have been a Selling Partner Support Associate for Amazon since May 2017. I am over the age of 18. All of the matters set forth herein are personally known to me and, if called as a witness, I would and could competently testify thereto.

### Amazon's Selling Partner Support (SPS)

Amazon's Selling Partner Support (SPS) Associates are responsible for handling issues with third-party sellers on Amazon's marketplace, including requests for removing negative feedback by an Amazon buyer on the seller's account. As an experienced SPS Associate, I have responded to phone calls for the past three years to provide sellers with support for their Seller Central accounts. I have worked in a supervisory capacity to assist and aid other more junior associates through contacts on the floor and during calls. I routinely respond to associate support requests in real time and have trained multiple other SPS associates.

### Defendant Derrick Lee

Defendant Derrick Lee was a third party seller on Amazon's marketplace. He has a demonstrated history of violent and obscene conduct towards me and other Amazon employees. In particular, over the past several years, Mr. Lee has engaged in a sustained campaign of terrorizing Amazon employees by placing thousands of threatening telephone calls to SPS associates. I am familiar with Mr. Lee's voice and SPS's phone call recording system, which records calls to the SPS line in the regular course of business.

I have personally been subjected to Mr. Lee's attacks, have reviewed thousands of his abusive calls with other Amazon employees, and spent hundreds of hours researching and documenting his behavior. In one instance, Mr. Lee told me, after multiple attempts to discuss his account that he had "accidentally hit the button and the bombs had been released." In another call that was escalated to me, Mr. Lee repeatedly threatened that "all 100 bombs were coming," which I understood to be a direct threat on SPS employees. Mr. Lee has repeatedly threatened to "terminate" me and even stated that he had "terminated" my bosses, which I also understood to be a death threat. I have suffered emotional trauma and anxiety as a result of Mr. Lee's abusive, violent, and harassing phone calls, and I have witnessed other colleagues also have strong emotional responses, including breakdowns and crying in the workplace, as a result of Mr. Lee's abuse.

Over the past several weeks, Mr. Lee's harassing conduct has become more frequent and with increased threats of violence, prompting Amazon to seek immediate Court intervention.

### Defendant Derrick Lee's Escalating Threatening Behavior

Mr. Lee's violent conduct towards SPS associates and leadership began in 2017, when his account started to receive negative feedback from Amazon buyers. Mr. Lee called SPS to request that Amazon remove the negative feedback from his account. When SPS refused to work outside of the established policy to remove feedback, Mr. Lee began to use inappropriate language, including racial and gender slurs, and made threats to the safety of both SPS associates and leadership.

---

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev. July 1, 2005]
4822-1150-9161v.2 0051461-002010

ATTACHED DECLARATION

Page 1 of 4

Since 2017, Mr. Lee's incessant calls have only escalated in frequency and fury. His abusive and violent conduct has risen to now near-daily abuse. Specifically, Mr. Lee typically calls SPS between 30-80 times on any given day, yelling profanities and threatening to kill SPS employees. In 2019 alone, Mr. Lee made over 10,000 calls to SPS, many of them violent and threatening in nature. In 2020, his conduct appears to be escalating and on some days his calls have exceeded over 100 in a single day.

Indeed, in the past several weeks, Mr. Lee has made hundreds of violent phone calls to Amazon. The following examples are just a fraction of Mr. Lee's incessant frightening threats to SPS associates' and leadership's safety.

On January 27, 2020, Mr. Lee called an SPS associate **"you poor piece of shit"** and threatened to **"kick [his] ass."** A true and correct copy of a transcript of the January 27, 2020 call is attached hereto as **Exhibit A.** On another January 27, 2020 call, Mr. Lee attacked a male SPS associate after the associate asked Mr. Lee whether he was a buyer or a seller at the beginning of the call. In response, Mr. Lee stated **"shut the fuck up"** **"let me talk to your supervisor, third time."** After this, Mr. Lee exclaimed **"you are the supervisor, fuck you bitch, why are you acting scared? Fuck you!"** A true and correct copy of a transcript of the January 27, 2020 call is attached hereto as **Exhibit B.**

In another instance that I witnessed, Mr. Lee told a female colleague, **"You're a cunt, you're a smelly pussy, you're a piece of shit…"** on a call. This violent and abusive language caused that associate to break down in tears and seek intervention from a supervisor.

On January 26, 2020, Mr. Lee used violent and abusive behavior toward another SPS associate when he threatened the SPS center, stating **"something big is going to happen today, something devastating"** and that it would happen **"in about one hour!"** When the SPS associate asked Mr. Lee to reconsider his decision, Mr. Lee stated, **"nothing to reconsider, I already decided."** A true and correct copy of a transcript of that January 26, 2020 call is attached hereto as **Exhibit C.**

On January 13, 2020, Mr. Lee again threatened an SPS associate by stating **"is game over now, I don't care what you say,"** after the associated asked Mr. Lee for his email address to confirm his account. We again understood this to be a direct threat against the SPS associate. A true and correct copy of a transcript of that January 13, 2020 call is attached hereto as **Exhibit D.**

On December 13, 2019 call, Mr. Lee demanded that a female SPS associate **"go suffocate."** Throughout the call, he repeatedly called her **"bitch"** and told her to **"shut, up bitch."** A true and correct copy of a transcript of that December 13, 2019 call is attached hereto as **Exhibit E.** This is not the first time that Mr. Lee has used misogynistic behavior to directly target female associates.

On December 10, 2019, Mr. Lee exclaimed to an SPS associate that he is **"fighting you guys"** and will **"keep on attacking you guys."** His threats escalated, as Mr. Lee exclaimed he was **"getting really close,"** **"it will be over soon,"** and **"I'm trying to shoot something."** A true and correct copy of a transcript of that December 10, 2019 call is attached hereto as **Exhibit F.**

On a December 7, 2019 call, Mr. Lee harassed an SPS associate by spouting a series of abusive expletives—**"fuck you," "shut up, bitch," "you fucking retard," "shut the fuck up, you little bitch,"** you **"piece of shit,"** and **"fuck your mom"**—all apparently meant to intimidate, as he suggestively demanded **"Are you scared?!"** A true and correct copy of a transcript of the December 7, 2019 call is attached hereto as **Exhibit G.**

On another December 7, 2019 call, Mr. Lee apparently became frustrated with a female SPS associate who would not answer his harassing question, "do you like that?" He threatened in response, "Who else wants to get terminated?! . . . You want more dead?! . . . Who else wants to get terminated?!" When the SPS associate asked him to not use profanities (after Mr. Lee said "fucking"), he yelled at her to "not tell me what to do" and again threatened "Who else wants to get terminated?! . . . not enough damages [yet]?!" He purported to go down a numbered list, announced he was "phas[ing] to terminate . . . here we go," and made shooting sounds at the SPS associate. A true and correct copy of a transcript of the December 7, 2019 call is attached hereto as **Exhibit H**.

On a November 12, 2019 call, Mr. Lee demanded "Who wants to get terminated?" He repeatedly "warn[ed]" an SPS associate, "you better watch what you say, bitch." He threatened, if "you make a mistake, [] my colleagues might have to do something about you. So you better think before you say anything. It's my only warning." Mr. Lee continued to demand the SPS associate answer his question, and again threatened, "[t]hink before you say anything. You make a mistake, you're gonna regret it." The SPS associate perceived these comments as death threats. Mr. Lee also called the associate "trash" and a "little bitch" for simply asking for his account information. A true and correct copy of a transcript of this November 12, 2019 call is attached hereto as **Exhibit L**.

On October 20, 2019, Mr. Lee called the SPS phone line twice threatening that he was "ready to terminate" SPS associates and leadership. A true and correct copy of the transcripts of one of those phone calls is attached hereto as **Exhibit J**.

On another call, Mr. Lee threatened that he would "take everything . . . . I'm lethal." He made clear "I can and I will. So don't play games with me . . . Or this is gonna happen. . . . I take it and I have no sympathy, I have no remorse. . . . it's already over. . . . You guys can't even stop it." A true and correct copy of a transcript of this call is attached hereto as **Exhibit K**.

As another example, Mr. Lee yelled at an SPS associate, "Don't ever play games with me again. I'll just take everything. You don't believe me?!" The SPS associate responded, "Are you threatening me, sir?" A true and correct copy of a transcript of this call is attached hereto as **Exhibit L**.

In another threatening and frightening call, Mr. Lee told a female SPS associate, "You know how I kill someone? Put them in the trash. Where they rightfully belong. You guys are all trash. . . . Don't play games. Because guess what, I'll take everything in the end. . . . You guys are scared of me. Don't ever make a mistake and play games with me ever again. . . Hey bitch, are we clear?" He continued to threaten to "take everything right now" until the SPS associate stopped responding. A true and correct copy of a transcript of this call is attached hereto as **Exhibit M**.

On July 30, 2019, after being subjected to Mr. Lee's verbal attacks and threats, I personally witnessed an SPS associate have a nervous breakdown, start shaking and crying, and eventually end her shift early due to the emotional harm Mr. Lee's obscene and abusive behavior caused.

In addition, Mr. Lee has personally threatened me dozens of times over the past three years. I have anxiety about him calling SPS and it is causing me considerable stress because of his abusive, obscene, and harassing calls.

I, along with hundreds of other Amazon employees, fear for my personal safety and emotional wellbeing. As noted above, I have witnessed the emotional damage Mr. Lee has caused to SPS employees with his obscene, racist, sexist, and violent remarks.

**Court Intervention Is Required to Protect SPS Employees**

Mr. Lee's repeated death threats and abusive behavior led to Amazon blocking his phone numbers in 2018 and in 2019. Amazon also removed the "click to call" feature from Mr. Lee's account in an attempt to get him to communicate through email only. However, Mr. Lee has maneuvered around our efforts by using restricted numbers or calling Amazon Customer Service and then being internally transferred to SPS. To date, Amazon has blocked over six different phone numbers for Mr. Lee.

We have tried many alternatives to stop Mr. Lee's behavior including looking his number and sending him a cease and desist letter, to no avail.

Mr. Lee's abuse and threats have grown more frequent and disturbing in recent weeks. We have run out of options. We now have no choice but to seek the Court's assistance to protect our employees from this near-constant threat of physical and emotional harm.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 01/30/2020

Robert Ehrmentrout
(TYPE OR PRINT NAME)

_(SIGNATURE OF DECLARANT)_

☐Attorney for   ☐Plaintiff   ☒Petitioner   ☐Defendant

☐Respondent   ☐Other (Specify)

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev. July 1, 2005]
4822-1130-9168v.2 0031461-002010

ATTACHED DECLARATION

Page 4 of 4

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Amazon.com, Inc. v. Derrick Lee | |

ATTACHMENT (Number): 8c

(This Attachment may be used with any Judicial Council form.)

Describe what happened.

Derrick Lee is a former Amazon third-party seller who has a demonstrated history of terrorizing, threatening, and abusing Amazon employees. Mr. Lee has placed over 30,000 calls to Amazon's Selling Partner Support ("SPS") phone line for no purpose other than to harass, terrorize, and harm Amazon employees. During those calls, Mr. Lee uses violent and abusive language, including frequent death threats. Mr. Lee also uses obscene language and in many cases, he appears to target his abuse on associates based on their gender, race, or ethnicity. Mr. Lee has personally threatened Robert Ehrmentrout many times over the past two years.

Given Mr. Lee's repeated death threats and abusive behavior, Mr. Ehrmentrout and other Amazon employees fear for their personal safety and emotional well-being. Beyond this threat, Mr. Lee has inflicted actual emotional and resulting physical harm to many Amazon employees through his abusive calls, resulting in at least one employee suffering a nervous breakdown that required the employee to leave work (on July 30, 2019). In the past several weeks, Mr. Lee's violent conduct has grown more frequent and disturbing. It has escalated to the point where his abusive calls to SPS regularly exceed 50 times per day. Sometimes he calls in excess of 100 times per day.

To illustrate, on January 27, 2020, Mr. Lee called an SPS associate "you poor piece of shit" and threatened to "kick [his] ass." In another call on the same day, Mr. Lee told another SPS employee to "shut the fuck up" and "why are you acting scared?" Just the day before on January 26, 2020, Mr. Lee threatened the safety of the SPS center, stating "something big is going to happen today, something devastating."

On a December 10, 2019 call, Mr. Lee threatened to "keep attacking" Amazon employees, exclaiming "it will be over soon...I'm trying to shoot something."

On a December 7, 2019 call, after becoming frustrated that a female Amazon call center employee would not answer his harassing question, "Do you like that?", Mr. Lee demanded "Who else wants to get terminated?!...You want more dead?!" and made gun shooting sounds through the phone at the employee.

On October 20, 2019, and October 31, 2019, Mr. Lee called the SPS phone line on three separate occasions, threatening that he was prepared to "terminate" SPS employees and leadership. On many other calls, Mr. Lee has told SPS associates that he is "lethal," loves to "terminate," "can take everything" from them and have "no sympathy or remorse." On yet another call, he told an employee, "You know how I kill someone? Put them in the trash...Don't ever make a mistake and play games with me ever again...Hey bitch, are we clear?"

Amazon has tried many alternatives to seek protection for its employees from Mr. Lee, including shutting down his seller account, blocking his phone numbers, and sending him a cease and desist letter. None of these alternatives have worked, as Mr. Lee continues to engage in the violent conduct, which is increasing in its threats of grievous harm and violence, frequency and tone. Having run out of options, Amazon now requires Court intervention to protect its call center employees from this near-constant threat of physical and emotional harm.

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Page 1 of 1

(Add pages as required)

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

ATTACHMENT
to Judicial Council Form

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Amazon.com, Inc. v. Derrick Lee | |

ATTACHMENT (Number): 4b

*(This Attachment may be used with any Judicial Council form.)*

**Why do these people need protection?**

Derrick Lee is a former Amazon third-party seller who has a demonstrated history of terrorizing, threatening, and abusing Amazon employees. Mr. Lee has placed over 30,000 calls to Amazon's Selling Partner Support ("SPS") phone line for no purpose other than to harass, terrorize, and harm Amazon employees. During those calls, Mr. Lee uses violent and abusive language, including frequent death threats. Mr. Lee also uses obscene language and in many cases, he appears to target his abuse on associates based on their gender, race, or ethnicity. Mr. Lee has personally threatened Robert Ehrmentrout several times over the past two years.

Given Mr. Lee's repeated death threats and abusive behavior, Mr. Ehrmentrout and other Amazon employees fear for their personal safety and emotional well-being. Beyond this threat, Mr. Lee has inflicted actual emotional and resulting physical harm to many Amazon employees through his abusive calls, resulting in at least one employee suffering an emotional breakdown that required the employee to leave work (on July 30, 2019). In the past several weeks, Mr. Lee's violent conduct has grown more frequent and disturbing. It has escalated to the point where his abusive calls to SPS regularly exceed 50 times per day. Sometimes he calls in excess of 100 times per day.

To illustrate, on January 27, 2020, Mr. Lee called an SPS associate "you poor piece of shit" and threatened to "kick [his] ass." In another call on the same day, Mr. Lee told another SPS employee to "shut the fuck up" and "why are you acting scared?" Just the day before on January 26, 2020, Mr. Lee threatened the safety of the SPS center, stating "something big is going to happen today, something devastating."

On a December 10, 2019 call, Mr. Lee threatened to "keep attacking" Amazon employees, exclaiming "it will be over soon...I'm trying to shoot something."

On a December 7, 2019 call, after becoming frustrated that a female Amazon call center employee would not answer his harassing question, "Do you like that?", Mr. Lee demanded "Who else wants to get terminated?!...You want more dead?!" and made gun shooting sounds through the phone at the employee.

On October 20, 2019, and October 31, 2019, Mr. Lee called the SPS phone line on three separate occasions, threatening that he was prepared to "terminate" SPS employees and leadership. On many other calls, Mr. Lee has told SPS associates that he is "lethal," loves to "terminate," "can take everything" from them and have "no sympathy or remorse." On yet another call, he told an employee, "You know how I kill someone? Put them in the trash...Don't ever make a mistake and play games with me ever again...Hey bitch, are we clear?"

Amazon has tried many alternatives to seek protection for its employees from Mr. Lee, including shutting down his seller account, blocking his phone numbers, and sending him a cease and desist letter. None of these alternatives have worked, as Mr. Lee continues to engage in the violent conduct, which is increasing in its threats of grievous harm and violence, frequency and tone. Having run out of options, Amazon now requires Court intervention to protect its call center employees from this near-constant threat of physical and emotional harm.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

www.courtinfo.ca.gov

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

**WV-100**

## Petition for Workplace Violence Restraining Orders

Read *How Do I Get an Order to Prohibit Workplace Violence* (form WV-100-INFO) before completing this form. NOTE: Petitioner must be an employer with standing to bring this action under Code of Civil Procedure section 527.8. Also fill out *Confidential CLETS Information* (form CLETS-001) with as much information as you know.

Clerk stamps date here when form is filed.

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**JAN 3 0 2020**

Sherri R. Carter, Executive Officer/Clerk of Court
By: Mayra Salazar, Deputy

**(1) Petitioner (Employer)**

a. Name: Amazon.com, Inc.

is a ☒ corporation   ☐ sole proprietorship

☐ *(specify):*

and is filing this suit on behalf of the employee identified in item **(2)**.

b. Lawyer for Petitioner *(if any for this case)*
Name: Nicole S. Phillis   State Bar No.: 291266

Firm Name: Davis Wright Tremaine LLP

Petitioner's Address *(If the petitioner has a lawyer, give the lawyer's information.)*

c. Address: 865 S. Figueroa Street, Suite 2400

City: Los Angeles   State: CA   Zip: 90017

Telephone: 213-633-6800   Fax: 213-633-6899

E-Mail Address: nicolephillis@dwt.com

Fill in court name and street address:

Superior Court of California, County of
Los Angeles
Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA 90012

Court fills in case number when form is filed.

Case Number:

**20STR000703**

**(2) Employee in Need of Protection**

Full Name: Robert Ehrmentrout

Sex: ☒ M   ☐ F   Age: _____

**(3) Respondent (Person From Whom Protection Is Sought)**

Full Name: Derrick Lee   Age: 35

Address *(if known):* 710 Silver Valley Trail

City: Walnut   State: CA   Zip: 91789

**(4) Additional Protected Persons**

a. Are you asking for protection for any family or household members of the employee or for any other employees at the employee's workplace or at other workplaces of the petitioner?

☒ Yes ☐ No   *(If yes, list them):*

| Full Name | Sex | Age | Household Member? | Relationship to Employee |
|---|---|---|---|---|
| Amazon Selling Partner Support Employees | | | ☐ Yes ☒ No | Co-Workers |
| Amazon Customer Service Support Employees | | | ☐ Yes ☒ No | Co-Workers |
| | | | ☐ Yes ☐ No | |

☐ Additional protected persons are listed in Attachment 4a.

**This is not a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2016, Mandatory Form
Code of Civil Procedure, §§ 527.8 and 527.6
**Petition for Workplace Violence Restraining Orders**
**(Workplace Violence Prevention)**

⑥ **Venue**

Why are you filing in this county? *(Check all that apply):*

a. ☐ The respondent lives in this county.

☐ ... caused physical or emotional injury to the petitioner's employee in this county.

④ b. Why do these people need protection? *(Explain):*
  ☒ Response is stated in Attachment 4b.

_____

_____

⑤ **Relationship of Employee and Respondent**

a. How does the employee know the respondent? *(Describe):*   ☐ Response is stated in Attachment 5a.

  Respondent was a third-party seller on Amazon.com, Inc.'s marketplace.

b. Respondent ☐ is  ☒ is not  a current employee of petitioner. *(Explain any decision to retain, terminate, or otherwise discipline the respondent):*   ☐ Response is stated in Attachment 5b.

_____

_____

⑥ **Venue**

Why are you filing in this county? *(Check all that apply):*

a. ☒ The respondent lives in this county.

b. ☐ The respondent has caused physical or emotional injury to the petitioner's employee in this county.

c. ☐ Other *(specify):* _____

⑦ **Other Court Cases**

a. Has the employee or any of the persons named in ④ been involved in another court case with the respondent?

  ☒ No  ☐ Yes  *If yes, check each kind of case and indicate where and when each was filed:*

| Kind of Case | Filed in *(County/State)* | Year Filed | Case Number *(if known)* |
|---|---|---|---|
| (1) ☐ Workplace Violence | | | |
| (2) ☐ Civil Harassment | | | |
| (3) ☐ Domestic Violence | | | |
| (4) ☐ Divorce, Nullity, Legal Separation | | | |
| (5) ☐ Paternity, Parentage, Child Support | | | |
| (6) ☐ Eviction | | | |
| (7) ☐ Guardianship | | | |
| (8) ☐ Small Claims | | | |
| (9) ☐ Postsecondary School Violence | | | |
| (10) ☐ Criminal | | | |
| (11) ☐ Other *(specify):* | | | |

b. Are any restraining orders or criminal protective orders now in effect relating to the employee or any of the persons in ④ and the respondent?   ☒ No  ☐ Yes  *(If yes, attach a copy if you have one.)*

This is not a Court Order.

| Case Number: |

⑧ **Description of Respondent's Conduct**

a. Respondent has *(check one or more):*

who did what to whom; identify any witnesses):

☑ Response is stated in Attachment 7c.

Please also see the Declaration of Robert Ehrmentrout.

Case Number:

(8) **Description of Respondent's Conduct**

a. Respondent has *(check one or more)*:
   (1) ☐ Assaulted, battered, or stalked the employee
   (2) ☒ Made a credible threat of violence against the employee by making knowing or willful statements or engaging in a course of conduct that would place a reasonable person in fear for his or her safety or the safety of his or her immediate family.

b. One or more of these acts *(check either or both)*:
   (1) ☒ Took place at the employee's workplace
   (2) ☒ Can reasonably be construed to be carried out in the future at the employee's workplace
   Address of workplace: Amazon's Selling Partner Support call centers

c. Describe what happened. *(Provide details; include the dates of all incidents beginning with the most recent; tell who did what to whom; identify any witnesses):*
   ☒ Response is stated in Attachment 8c.

   Please also see the Declaration of Robert Ehrmentrout.

d. Was the employee harmed or injured? ☒ Yes ☐ No *(If yes, describe harm or injuries):*
   ☐ Response is stated in Attachment 8d.

   Please also see the Declaration of Robert Ehrmentrout.

e. Did the respondent use or threaten to use a gun or any other weapon? ☒ Yes ☐ No *(If yes, describe):*
   ☐ Response is stated in Attachment 8e.

   Mr. Lee has threatened to "release _____ bombs" and to "terminate" SPS center employees. He also threatened to "shoot" SPS employees. Please also see the Declaration of Robert Ehrmentrout.

This is not a Court Order.

**Petition for Workplace Violence Restraining Orders**
(Workplace Violence Prevention)

Case Number:

(8) f. For any of the incidents described above, did the police come? ☐ Yes ☒ No ☐ I don't know
   If yes, did the employee or the respondent receive an Emergency Protective Order?
   ☐ Yes ☒ No ☐ I don't know

~~Commit acts of unlawful violence on or make threats of violence to the person.~~

~~Follow or stalk the person during work hours or to or from the place of work.~~

d. Contact the person, either directly or indirectly, by any means, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.

~~Enter the person's workplace.~~

Case Number:

(8) f. For any of the incidents described above, did the police come? ☐ Yes ☒ No ☐ I don't know

If yes, did the employee or the respondent receive an Emergency Protective Order?
☐ Yes ☒ No ☐ I don't know

If yes, the order protects (check all that apply):
☐ the employee ☐ the respondent ☐ one or more of the persons in ④.
(Attach a copy of the order if you have one.)

## Check the orders you want ☒

(9) ☒ **Personal Conduct Orders**
I ask the court to order the respondent not to do any of the following things to the employee or to any person to be protected listed in ④:

a. ☒ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.

b. ☒ Commit acts of unlawful violence on or make threats of violence to the person.

c. ☒ Follow or stalk the person during work hours or to or from the place of work.

d. ☒ Contact the person, either directly or indirectly, by any means, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.

e. ☒ Enter the person's workplace.

f. ☒ Other (specify):
☐ As stated in Attachment 9f.
Call, email, or otherwise contact Amazon's Seller Partner Support center, or any other Amazon customer service line.

_____

*The respondent will be ordered not to take any action to get the addresses or locations of any protected person unless the court finds good cause not to make the order.*

(10) **Stay-Away Order**
a. I ask the court to order the respondent to stay at least ___200___ yards away from (check all that apply):

(1) ☒ The employee.

(2) ☒ The other persons listed in ④.

(3) ☒ The employee's workplace.

(4) ☒ The employee's home.

(5) ☐ The employee's school.

(6) ☐ The school of the employee's ~~children~~.

(7) ☐ The place of child care of the employee's children.

(8) ☒ The employee's vehicle.

(9) ☒ Other (specify):
Any Amazon call center, corporate office or store location.

_____

**This is not a Court Order.**

Case Number:

(10) b. If the court orders the respondent to stay away from all the places listed above, will he or she still be able to get to his or her home, school, or job?   ☒ Yes  ☐ No   (If no, explain):

Temporary Restraining Order (TRO) be issued against ... signature together with this Petition, presenting form WV-110, *Temporary Restraining Order*, for the court's...

Has the Respondent been told that you were going to go to court to seek a TRO against him/her?

☐ Yes ☐ No *(If you answered no, explain why below):*

Case Number: [                    ]

---

⑩ b. If the court orders the respondent to stay away from all the places listed above, will he or she still be able to get to his or her home, school, or job? ☒ Yes ☐ No *(If no, explain):*

☐ Response is stated on Attachment 10b.

---

⑪ **Guns or Other Firearms and Ammunition**

Does the respondent own or possess any guns or other firearms? ☐ Yes ☐ No ☒ I don't know

*If the judge grants a protective order, the respondent will be prohibited from owning, possessing, purchasing, receiving, or attempting to purchase or receive a gun, other firearm, and ammunition while the protective order is in effect. The respondent will also be ordered to turn in to law enforcement, or sell to or store with a licensed gun dealer, any guns or firearms within his or her immediate possession or control.*

---

⑫ ☒ **Temporary Restraining Order**

I request that a Temporary Restraining Order (TRO) be issued against the Respondent to last until the hearing. I am presenting form WV-110, *Temporary Restraining Order*, for the court's signature together with this Petition.

Has the Respondent been told that you were going to go to court to seek a TRO against him/her?

☐ Yes ☒ No *(If you answered no, explain why below):*

☐ Reasons are stated in Attachment 12.

Employee is afraid that should Mr. Lee learn of Amazon's intention to obtain a TRO before it is in force, Mr. Lee's violent and harassing behavior is likely to escalate.

---

⑬ ☐ **Request for Less Than Five Days' Notice of Hearing**

*You must have your papers personally served on the respondent at least five days before the hearing, unless the court orders a shorter time for service. (Form WV-200-INFO explains what is proof of personal service. Form WV-200, Proof of Personal Service, may be used to show the court that the papers have been served.)*

If you want there to be fewer than five days between service and the hearing, explain why:

☐ Reasons are stated in Attachment 13.

---

⑭ ☒ **No Fee for Filing**

I ask that there be no filing fee because the respondent has threatened violence against the employee, or stalked the employee, or acted or spoken in a manner that has placed the employee in reasonable fear of violence.

This is not a Court Order.

Case Number: [                    ]

⑮ ☒ **No Fee to Serve Orders**

I ask the court to order the sheriff or marshal to serve the respondent with the orders for free because this paper ... a credible threat of violence or stalking.

Case Number:

**(15)** ☒ **No Fee to Serve Orders**
I ask the court to order the sheriff or marshal to serve the respondent with the others for free because this request for orders is based on a credible threat of violence or stalking.

**(16)** ☒ **Court Costs**
I ask the court to order the respondent to pay my court costs.

**(17)** ☐ **Additional Orders Requested**
I ask the court to make the following additional orders *(specify)*:

☐ Additional orders requested are stated in Attachment 17.

_____
_____
_____
_____
_____
_____
_____

**(18)** Number of pages attached to this form, if any: __7__

Date: __1-30-20__

Nicole S. Phillis
*Lawyer's name (if any)*

[signature: *Nicole S Phillis*]
*Lawyer's signature*

I declare under penalty of perjury under the laws of the State of California that the information above and on all attachments is true and correct.

Date: __01/30/2020__

Robert Ehrmentrout
*Name of petitioner*

Selling Partner Support Associate - Amazon
*Title*

[signature]
*Signature*

This is not a Court Order.

**Petition for Workplace Violence Restraining Orders**
(Workplace Violence Prevention)

## WV-120-INFO — How Can I Respond to a Petition for Workplace Violence Restraining Orders?

### What is a workplace violence restraining order?
It is a court order that prohibits you from doing certain things and going certain places.

### What does the order do?
The court can order you to:
- Not contact the employee who is protected by the order
- Stay away from the employee and the employee's home, workplace and other places
- Not have any guns as long as the order is in effect

### Who can ask for a workplace violence restraining order?
An employer can ask for an order on behalf of an employee who has suffered violence or a credible threat of violence at the workplace.

### I've been served with a petition for private workplace violence restraining orders. What do I do now?
Read the papers served on you very carefully. The *Notice of Court Hearing* tells you when to appear in court. There may also be a *Temporary Restraining Order* forbidding you from doing certain things. You must obey the order until the hearing.

### What if I don't obey the order?
The police can arrest you. You can go to jail and pay a fine.

### What if I don't agree with what the order says?
You still must obey the order until the hearing. If you disagree with the orders the person is asking for, fill out Form WV-120, *Response to Petition for Workplace Violence Restraining Orders*, before your hearing date and file it with the court. If you need to include attachments, you can use Form MC-025. You can get the forms from legal publishers or on the Internet at *www.courts.ca.gov*. You also may be able to find them at your local courthouse or county law library.

### Do I have to serve the other person with a copy of my response?
Yes. Have someone age 18 or older—**not you**—mail a copy of completed Form WV-120 to the person named in item ① of the petition Form WV-110 (or that person's lawyer). (This is called "service by mail.")

The person who serves the form by mail for you must fill out Form WV-250, *Proof of Service of Response by Mail*. Have the person who did the mailing sign the original. Take the completed form back to the court clerk or bring it with you to the hearing.

### Should I go to the court hearing?
Yes. You should go to court on the date listed on Form WV-109, *Notice of Court Hearing*. If you do not go to the hearing, the judge can make orders against you without hearing from you.



Judicial Council of California, www.courts.ca.gov
Revised July 1, 2014, Optional Form
Code of Civil Procedure, §§ 527.8 and 527.9

How Can I Respond to a Petition for Workplace Violence Restraining Orders? (Workplace Violence Prevention)

WV-120-INFO, Page 1 of 2

**WV-120-INFO** How Can I Respond to a Petition for Workplace Violence Restraining Orders?

## How long does the order last?

If the court issued a temporary restraining order before the hearing, it will last until your hearing date. At that time, the court will decide to continue or cancel the order. Any order issued at the hearing can last for up to three years.

## Do I need a lawyer?

Having a lawyer is always a good idea, but it is not required, and you are not entitled to a free court-appointed attorney. Ask the court clerk about free and low-cost legal services and self-help centers in your county.

## Will I see the employee at the court hearing?

Yes. Assume that the employee will attend the hearing. Do not talk to him or her unless the judge or that person's attorney says that you can.

## Can I bring a witness to the court hearing?

Yes. You can bring witnesses or documents that support your case to the hearing. But if possible, you should also bring the witnesses' written statements of what they saw or heard. Their statements must be made under penalty of perjury. You can use Form MC-030 for this.

## For help in your area, contact:

*[Local information may be inserted.]*

## What if I don't speak English?

When you file your papers, ask the clerk if a court interpreter is available. You may have to pay a fee for the interpreter. If an interpreter is not available for your court date, bring someone to interpret for you. You should ask someone age 18 or older to interpret for you.

## What if I have a gun?

If a restraining order is issued, you cannot own, possess, or have a gun, other firearm, or ammunition while the order is in effect. If you have a gun or other firearm in your immediate possession or control, you must sell it to or store it with a licensed gun dealer, or turn it in to a law enforcement agency.

## Can I agree with the protected person to cancel the order?

No. Once the order is issued, only the judge can change or cancel it. You or the employer would have to file a request with the court to cancel the order.

## What if I am deaf or hard of hearing?

 Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five court days before the hearing. Contact the clerk's office or go to *www.courts.ca. gov/forms* for *Request for Accommodations by Persons with Disabilities and Response*

Revised July 1, 2014

How Can I Respond to a Petition for Workplace Violence Restraining Orders? (Workplace Violence Prevention)

WV-120-INFO, Page 2 of 2

**WV-130** | **Workplace Violence Restraining Order After Hearing**

*Clerk stamps date here when form is filed.*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 25 2020

Sherri R. Carter, Executive Officer/Clerk
By: Jordan Parkhurst, Deputy

**(1) Petitioner (Employer)**

a. Name: Amazon.com, Inc.

Lawyer for Petitioner *(if any, for this case)*

Name: Nicole S. Phillis, Esq.          State Bar No.:291266

Firm Name: Davis Wright Tremaine, LLP

b. Your Address *(If you have a lawyer, give your lawyer's information.)*

Address: 865 South Figueroa Street, Suite 2400

City: Los Angeles          State: CA          Zip: 90017

Telephone: (213) 633-6800          Fax: (213) 633-6899

E-Mail Address: nicolephillis@dwt.com

*Fill in court name and street address:*

Superior Court of California, County of
Los Angeles
111 North Hill Street
Los Angeles, CA 90012

*Court fills in case number when form is filed.*

Case Number:
20STRO00703

**(2) Employee (Protected Person)**

Full Name: Robert Ehrmentrout

**(3) Respondent (Restrained Person)**

Full Name: Derrick Lee

Description

| | |
|---|---|
| Sex: ☒ M   ☐ F   Height:          Weight:          Date of Birth: | |
| Hair Color:          Eye Color:          Age: 35   Race: Asian | |
| Home Address *(if known)*: 710 Silver Valley Trail | |
| City: Walnut          State: CA          Zip: 91789 | |
| Relationship to Employee:   Respondent Not Third-Party Seller on Amazon.com Marketplace | |

**(4) ☒ Additional Protected Persons**

In addition to the student, the following family or household members or other students are protected by the temporary orders indicated below:

| Full Name | Sex | Age | Household Member? | Relationship to employee |
|---|---|---|---|---|
| Amazon Selling Partner Support Employees | | | ☐ Yes ☒ No | Co-Workers |
| Amazon Customer Service Employees | | | ☐ Yes ☒ No | Co-Workers |
| | | | ☐ Yes ☐ No | |

☐ Additional protected persons are listed at the end of this Order on Attachment 4.

**(5) Expiration Date**

*This Order, except for any award of lawyer's fees, expires at*

Date: February 25, 2023          Time: 11:59:00          ☐ a.m. ☒ p.m.

If no expiration date is written here, this Order expires three years from the date of issuance.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2018, Mandatory Form
Code of Civil Procedure, § 527.8 and 527.9
Approved by DOJ

**Workplace Violence
Restraining Order After Hearing (CLETS—WHO)**
**(Workplace Violence Prevention)**

WV-130, Page 1 of 5 →

(1) ☒ The petitioner/employer   *(name)*: Amazon.com

Case Number:
20STRO00703

**(6) Hearing**

a. There was a hearing on *(date):* 02/25/2020 _____ at *(time):* 8:30 a.m. _____ in Dept.: 63 _____ Room: 604 _____
   *(Name of judicial officer):* Honorable Steve Cochran _____ made the orders at the hearing.

b. These people were at the hearing:
   (1) ☒ The petitioner/employer   *(name):* Amazon.com
   (2) ☒ The lawyer for the petitioner/employer *(name):* Nicole S. Phillis | Maria D. Rivera
   (3) ☐ The employee   (4) ☐ The lawyer for the employee *(name):*
   (5) ☐ The respondent   (6) ☐ The lawyer for the respondent *(name):*
   ☐ Additional persons present are listed at the end of this Order on Attachment 6b.

c. ☐ The hearing is continued. The parties must return to court on *(date):* _____ at *(time):* _____

**To the Respondent**

**The court has granted the orders checked below. If you do not obey these orders, you can be
arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to
$1,000, or both.**

**(7) Personal Conduct Orders**

a. You are ordered **not** do the following things to the employee
   ☒ and to the other protected persons listed in **(4)**:

   (1) ☒ Harass, molest, strike, assault (sexually or otherwise), batter, abuse, destroy personal property of, or disturb the peace of the person.
   (2) ☒ Commit acts of violence or make threats of violence against the person.
   (3) ☒ Follow or stalk the person during work hours or to or from the place of work.
   (4) ☒ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.
   (5) ☒ Enter the person's workplace.
   (6) ☒ Take any action to obtain the person's address or locations. If this item is not checked, the court has found good cause not to make this order.
   (7) ☒ Other *(specify):*
       ☒ Other personal conduct orders are attached at the end of this Order on Attachment 7a(7).
       Call, email or otherwise contact Amazon's Seller Partner Support Center, or any other Amazon customer service line.

b. Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

**This is a Court Order.**

Revised January 1, 2018

**Workplace Violence
Restraining Order After Hearing (CLETS—WHO)**
**(Workplace Violence Prevention)**

WV-130, Page 2 of 6
→

Case Number:
20STRO00703

**(8) Stay-Away Orders**

a. You **must** stay at least ___200___ yards away from *(check all that apply):*

(1) ☒ The employee.

(2) ☒ Each other protected person listed in ④.

(3) ☒ The employee's workplace.

(4) ☒ The employee's home.

(5) ☐ The employee's school.

(6) ☐ The employee's children's school.

(7) ☐ The employee's children's place of child care.

(8) ☐ The employee's vehicle.

(9) ☒ Other *(specify):*
Any Amazon call center, corporate office or store location.
_____
_____

b. This stay-away order does not prevent you from going to or from your home or place of employment.

**(9) No Guns or Other Firearms and Ammunition**

a. **You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.**

b. If you have not already done so, you must:

(1) Sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms in your immediate possession or control. This must be done within 24 hours of being served with this Order.

(2) File a receipt with the court within 48 hours of receiving this Order that proves that your guns have been turned in, sold, or stored. *(You may use form WV-800, Proof of Firearms Turned In, Sold, or Stored, for the receipt.)*

c. ☐ The court has received information that you own or possess a firearm.

d. ☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Code of Civil Procedure section 527.9(f). Under California law, the respondent is not required to relinquish this firearm *(specify make, model, and serial number of firearm(s)):* _____

The firearm must be in his or her physical possession only during scheduled work hours and during travel to and from his or her place of employment. Even if exempt under California law, the respondent may be subject to federal prosecution for possessing or controlling a firearm.

**(10) ☐ Costs**

You must pay the following amounts for costs to the petitioner:

| Item | Amount | Item | Amount |
|------|--------|------|--------|
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |

☐ Additional amounts are attached at the end of this Order on Attachment 10.

**This is a Court Order.**

**Case Number:**
20STRO00703

**(11)** ☐ **Other Orders** *(specify):*

_____

_____

_____

☐ Additional orders are attached at the end of this Order on Attachment 11.

**To the Person in ❶:**

**(12)** **Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. ☐ The clerk will enter this Order and its proof-of-service form into CARPOS.

b. ☒ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

c. ☐ By the close of business on the date that this Order is made, the petitioner or the petitioner's lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agency listed below to enter into CARPOS:

Name of Law Enforcement Agency                    Address  *(City, State, Zip)*

_____         _____

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 12.

**(13)** **Service of Order on Respondent**

a. ☐ The respondent personally attended the hearing. No other proof of service is needed.

b. ☒ The respondent did not attend the hearing.

   (1) ☒ Proof of service of form WV-110, *Temporary Restraining Order,* was presented to the court. The judge's orders in this form are the same as in form WV-110 except for the expiration date. The respondent must be served with this Order. Service may be by mail.

   (2) ☐ The judge's orders in this form are different from the temporary restraining orders in form WV-110. Someone—but not the petitioner or anyone protected by this order—must personally serve a copy of this Order on the respondent.

**(14)** **No Fee to Serve (Notify) Restrained Person**

The sheriff or marshal will serve this Order without charge because the Order is based on a credible threat of violence or stalking.

**(15)** Number of pages attached to this Order, if any: _____

Date: February 25, 2020 _____

▶ *Judicial Officer*   **STEVE COCHRAN**

**This is a Court Order.**

**Workplace Violence**
**Restraining Order After Hearing (CLETS—WHO)**
**(Workplace Violence Prevention)**

WV-130, Page 4 of 5

Case Number:
20STRO00703

## Warning and Notice to the Respondent:

### You Cannot Have Guns or Firearms

Unless item 9d is checked, you cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control as stated in item ⑨. The court will require you to prove that you did so.

## Instructions for Law Enforcement

### Enforcing the Restraining Order

This Order is enforceable by any law enforcement agency that has received the Order, is shown a copy of the Order, or has verified its existence on the California Restraining and Protective Order System (CARPOS). Agencies are encouraged to enter violation messages into CARPOS. If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the Order and then must enforce it. Violations of this Order are subject to criminal penalties.

### Start Date and End Date of Orders

This Order *starts* on the date next to the judge's signature on page 4 and *ends* on the expiration date in item ⑤ on page 1.

### If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, this Order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, § 13710(b).)

### Conflicting Orders—Priorities for Enforcement

**If more than one restraining order has been issued, the orders must be enforced according to the following priorities:** *(See Pen. Code, § 136.2, Fam. Code, §§ 6383(h)(2), 6405(b).)*

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.
3. *Criminal Order:* If none of the orders includes a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

## This is a Court Order.

**Workplace Violence**
**Restraining Order After Hearing (CLETS—WHO)**
(Workplace Violence Prevention)



Case Number:
20STRO00703



*(Clerk will fill out this part.)*
—Clerk's Certificate—

I certify that this *Workplace Violence Restraining Order After Hearing* is a true
and correct copy of the original on file in the court.

Date: __FEB 2 5 2020__ Clerk, by _____, Deputy

This is a Court Order.

Revised January 1, 2016

**Workplace Violence
Restraining Order After Hearing (CLETS—WHO)**
(Workplace Violence Prevention)

WV-430, Page 5 of 6

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 865 S. Figueroa Street, Suite 2400, Los Angeles, CA 90017.

On February 25, 2020, I served the document described as "WORKPLACE VIOLENCE RESTRAINING ORDER AFTER HEARING" upon the interested parties in this action in a sealed envelope addressed as follows:

Derrick Lee                           Los Angeles County Sheriff's Department
710 Silver Valley Trail               21695 Valley Blvd.
Walnut, CA 91789                      Walnut, CA 91789

__X__   (By Personal Service) I caused the above-named documents to be served on all other parties to this action by requesting that a messenger from GLOBAL NETWORK LEGAL SUPPORT deliver true copies of the above-named documents enclosed in sealed envelopes.

Executed on February 25, 2020, Los Angeles, California.

__X__   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

____   Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

LINX PEARMAIN

4849-4110-7382v.1 0051461-002010

**WV-110**   **Temporary Restraining Order**

Clerk stamps date here when form is filed.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 3 0 2020

Sherri R. Carter, Executive Officer/Clerk
By: Jordan Parkhurst, Deputy

**(1) Petitioner (Employer)**

a. Name: Amazon.com, Inc.

Lawyer for Petitioner *(if any, for this case)*:

Name: Nicole S. Phillis          State Bar No.:291266

Firm Name: Davis Wright Tremaine LLP

b. Your Address *(If you have a lawyer, give your lawyer's information.)*:

Address: 865 South Figueroa Street, Suite 2400

City: Los Angeles          State: CA   Zip: 90017

Telephone: 213-633-6800     Fax: 213-633-6899

E-Mail Address: nicolephillis@dwt.com

Fill in court name and street address:

Superior Court of California, County of
Los Angeles
Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA 90012

**(2) Employee (Protected Person)**

Full Name: Robert Ehrmentrout

Court fills in case number when form is filed.

Case Number:
20STR000703

**(3) Respondent (Restrained Person)**

Full Name: Derrick Lee

Description:

| | | | |
|---|---|---|---|
| Sex: ☒ M   ☐ F   Height: | Weight: | Date of Birth: | |
| Hair Color: | Eye Color: | Age: 35   Race: Asian | |
| Home Address *(if known)*: 710 Silver Valley Trail | | | |
| City: Walnut | | State: CA   Zip: 91789 | |

Relationship to Employee: Respondent was a third-party seller on Amazon.com, Inc's marketplace

**(4) ☒ Additional Protected Persons**

In addition to the employee, the following family or household members or other employees are protected by the temporary orders indicated below:

| Full Name | Sex | Age | Household Member? | Relation to Employee |
|---|---|---|---|---|
| Amazon Selling Partner Support employees | | | ☐ Yes ☒ No | Co-Workers |
| Amazon Customer Service employees | | | ☐ Yes ☒ No | Co-Workers |
| | | | ☐ Yes ☐ No | |

☐ Additional protected persons are listed at the end of this Order on Attachment 4.

**(5) Expiration Date**

*This Order expires at the end of the hearing scheduled for the date and time below:*

Date: FEBRUARY 25, 2020   Time: 8:20   ☒ a.m.   ☐ p.m.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2017, Mandatory Form
Code of Civil Procedure, §§ 527.8 and 527.9
Approved by DOJ

**Temporary Restraining Order (CLETS—TWH)**
(Workplace Violence Prevention)

WV-110, Page 1 of 5

Case Number:

### To the Respondent:

**The court has issued the temporary orders checked as granted below. If you do not obey these orders, you can be arrested and charged with a crime. You may have to go to jail for up to one year, pay a fine of up to $1,000, or both.**

**(6) Personal Conduct Orders**

☐ Not Requested   ☐ Denied Until the Hearing   ☒ Granted as Follows:

a. You are ordered **not** do the following things to the employee

☒ and to the other protected persons listed in ④:

(1) ☒ Harass, molest, strike, assault (sexually or otherwise), batter, abuse, destroy personal property of, or disturb the peace of the person.

(2) ☒ Commit acts of violence or make threats of violence against the person.

(3) ☒ Follow or stalk the person during work hours or to or from the place of work.

(4) ☒ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by e-mail, by fax, or by other electronic means.

(5) ☒ Enter the workplace of the person.

(6) ☒ Take any action to obtain the person's address or locations. If this item is not checked, the court has found good cause not to make this order.

(7) ☒ Other (specify):

☒ Other personal conduct orders are attached at the end of this Order on Attachment 6a(7). Call, email, or otherwise contact Amazon's Seller Partner Support center, or any other Amazon customer service line.

b. Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order. However, you may have your papers served by mail on the petitioner.

**(7) Stay-Away Order**

☐ Not Requested   ☐ Denied Until the Hearing   ☒ Granted as Follows:

a. You must stay at least **200** yards away from (check all that apply):

(1) ☒ The employee

(2) ☒ Each other protected person listed in ④

(3) ☒ The employee's workplace

(4) ☒ The employee's home

(5) ☐ The employee's school

(6) ☐ The employee's children's school

(7) ☐ The employee's children's place of child care

(8) ☐ The employee's vehicle

(9) ☒ Other (specify): Any Amazon call center, corporate office or store location.

b. This stay-away order does not prevent you from going to or from your home or place of employment.

### This is a Court Order.

**Temporary Restraining Order (CLETS—TWH)**
**(Workplace Violence Prevention)**

Case Number:

---

**(8) No Guns or Other Firearms and Ammunition**

a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

b. You must:

(1) Sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms in your immediate possession or control. This must be done within 24 hours of being served with this Order.

(2) File a receipt with the court within 48 hours of receiving this Order that proves that your guns or firearms have been turned in, sold, or stored. *(You may use form WV-800, Proof of Firearms Turned In, Sold, or Stored for the receipt.)*

c. ☐ The court has received information that you own or possess a firearm.

**(9) Other Orders**

☑ **Not Requested** ☐ **Denied Until the Hearing** ☐ **Granted as Follows** *(specify):*

_____

_____

_____

☐ Additional orders are attached at the end of this Order on Attachment 9.

### To the Petitioner:

**(10) Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. ☐ The clerk will enter this Order and its proof-of-service form into CARPOS.

b. ☑ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

c. ☐ By the close of business on the date that this Order is made, the employer or the employer's lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agencies listed below to enter into CARPOS:

Name of Law Enforcement Agency                    Address *(City, State, Zip)*

_____        _____

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 10.

**(11) No Fee to Serve (Notify) Restrained Person**     ☒ **Ordered**   ☐ **Not Ordered**

The sheriff or marshal will serve this Order without charge because:

a. ☒ The Order is based on a credible threat of violence or stalking.

b. ☒ The petitioner is entitled to a fee waiver.

### This is a Court Order.

---

**Temporary Restraining Order (CLETS—TWH)**
**(Workplace Violence Prevention)**

Case Number:

(12) Number of pages attached to this Order, if any: _____

Date: **JAN 3 0 2020**

_S. Cochran_
_Judicial Officer_ **STEVE COCHRAN**

## Warnings and Notices to the Restrained Person in ❷

### You Cannot Have Guns or Firearms

You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control as stated in item ⑧ above. The court will require you to prove that you did so.

### Notice Regarding Nonappearance at Hearing and Service of Order

If you have been personally served with this Temporary Restraining Order and form WV-109, *Notice of Court Hearing*, but you do not appear at the hearing either in person or by a lawyer, and a restraining order that is the same as this Temporary Restraining Order except for the expiration date is issued at the hearing, a copy of the order will be served on you by mail at the address in item ③.

If this address is not correct or you wish to verify that the Temporary Restraining Order was converted into a restraining order at the hearing without substantive change, or to find out the duration of the order, contact the clerk of the court.

### After You Have Been Served With a Restraining Order

- Obey all the orders. Any intentional violation of this Order is a misdemeanor punishable by a fine or by imprisonment in a county jail, or by both fine and imprisonment. (Pen. Code, § 273.6.)
- Read form WV-120-INFO, *How Can I Respond to a Petition for Orders to Stop Workplace Violence?*, to learn how to respond to this Order.
- If you want to respond, fill out form WV-120, *Response to Petition for Workplace Violence Restraining Orders*, and file it with the court clerk. You do not have to pay any fee to file your response if the petition claims that you threatened violence against or stalked the employee, or placed the employee in reasonable fear of violence.
- You must have form WV-120 served on the petitioner or the petitioner's attorney by mail. You cannot do this yourself. The person who does the service should complete and sign form WV-250, *Proof of Service of Response by Mail*. File the completed proof of service with the court clerk before the hearing date or bring it with you to the hearing.

- In addition to the response, you may file and have declarations served, signed by you and other persons who have personal knowledge of the facts. You may use form MC-030, *Declaration*, for this purpose. It is available from the clerk's office at the court shown on page 1 of this form or at *www.courts.ca.gov/forms*. If you do not know how to prepare a declaration, you should see a lawyer.
- Whether or not you file a response, you should attend the hearing. If you have any witnesses, they must also go to the hearing.
- At the hearing, the judge can make restraining orders against you that last for up to three years. Tell the judge why you disagree with the orders requested.

### This is a Court Order.

Even if the protected person invites or consents to contact with the restrained person, this order remains in effect and must

Case Number:

## Instructions for Law Enforcement

### Enforcing the Restraining Order
This order is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Restraining and Protective Orders System (CARPOS). Agencies are encouraged to enter violation messages into CARPOS. If the law enforcement agency has not received proof of service on the restrained person, the agency must advise the restrained person of the terms of the order and then must enforce it. Violations of this order are subject to criminal penalties.

### Start Date and End Date of Orders
This order *starts* on the date next to the judge's signature on page 4. The order *ends* on the expiration date in item 5 on page 1.

### If the Protected Person Contacts the Restrained Person
Even if the protected person invites or consents to contact with the restrained person, this order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The order can be changed only by another court order. (Pen. Code, § 13710(b).)

### Conflicting Orders—Priorities for Enforcement
**If more than one restraining order has been issued, the orders must be enforced according to the following priorities:** (See Pen. Code, § 136.2, Fam. Code, §§ 6383(h)(2), 6405(b).)

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.
3. *Criminal Order:* If none of the orders includes a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.



*(Clerk will fill out this part.)*
**—Clerk's Certificate—**

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

Date: **JAN 30 2020**   Clerk, by _____ , Deputy

## This is a Court Order.

**RESPONDENT'S COPY**

| **WV-109** | **Notice of Court Hearing** |
| --- | --- |

Clerk stamps date here when form is filed.

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

JAN 3 0 2020

Sherri R. Carter, Executive Officer/Clerk
By: Jordan Parkhurst, Deputy

**① Petitioner (Employer)**

a. Name: Amazon.com, Inc.

Lawyer for Petitioner *(if any for this case):*
Name: Nicole S. Phillis State Bar No.: 291266
Firm Name: Davis Wright Tremaine LLP

b. Address *(If you have a lawyer, give your lawyer's information.):*

Address: 865 South Figueroa Street, Suite 2400
City: Los Angeles State: CA Zip: 90017
Telephone: 213-633-6800 Fax: 213-633-6899
E-Mail Address: nicolephillis@dwt.com

Fill in court name and street address:
Superior Court of California, County of
Los Angeles
Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA 90012

**② Employee in Need of Protection**

Full Name: Robert Ehrmentrout

Fill in case number:

Case Number:
**20STRO00703**

**③ Respondent (Person From Whom Protection is Sought)**

Full Name: Derrick Lee

*The court will complete the rest of this form.*

**④ Notice of Hearing**

A court hearing is scheduled on the request for restraining orders against the respondent:

| Hearing Date | → Date: 02/25/20 Time: 8:30AM<br>Dept.: 63 Room: 604 | Name and address of court if different from above:<br>LOS ANGELES SUPERIOR COURT<br>111 NORTH HILL STREET<br>LOS ANGELES, CA 90012<br>DEPT. 63, RM 604 |
| --- | --- | --- |

**⑤ Temporary Restraining Orders** *(Any orders granted are on Form WV-110, served with this notice.)*

a. Temporary Restraining Orders for personal conduct and stay away orders as requested in Form WV-100,
*Request for Workplace Violence Restraining Orders,* are *(check only one box below):*

(1) ☑ **All GRANTED** until the court hearing.

(2) ☐ **All DENIED** until the court hearing. *(Specify reasons for denial in b, below.)*

(3) ☐ Partly **GRANTED** and partly **DENIED** until the court hearing. *(Specify reasons for denial in b, below.)*

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2012, Mandatory Form
Code of Civil Procedure, § 527.8
Approved by DOJ

**Notice of Court Hearing**
(Workplace Violence Prevention)

WV-109, Page 1 of 3
→

(1) ☐ The facts as stated in Form WV-100 do not sufficiently show reasonable proof that the employee

Case Number:

b. Reasons that Temporary Restraining Orders as requested in Form WV-100, *Petition for Workplace Violence Restraining Orders*, for personal conduct or stay away are denied are:

(1) ☐ The facts as stated in Form WV-100 do not sufficiently show reasonable proof that the employee has suffered unlawful violence or a credible threat of violence by the respondent, and that great or irreparable harm to the employee would result if a temporary restraining order is not issued.

(2) ☐ Other *(specify):* ☐ As stated on Attachment 5b.

_____

_____

_____

_____

(6) **Service of Documents by the Petitioner**

At least ☑ **five** ☐ _____ days before the hearing, someone age 18 or older—**not you or anyone to be protected**—must personally give (serve) a court file-stamped copy of this Form WV-109, *Notice of Court Hearing*, to the respondent along with a copy of all the forms indicated below:

a. WV-100, *Petition for Workplace Violence Restraining Orders* (file-stamped)

b. ☐ WV-110, *Temporary Restraining Order* (file-stamped) **IF GRANTED**

c. WV-120, *Response to Petition for Workplace Violence Restraining Orders* (blank form)

d. WV-120-INFO, *How Can I Respond to a Petition for Workplace Violence Restraining Orders?*.

e. WV-250, *Proof of Service of Response by Mail* (blank form)

f. ☐ Other *(specify):* _____

Date: **JAN 30 2020**

_Judicial Officer_ **STEVE COCHRAN**

**To the Petitioner:**

• The court cannot make the restraining orders after the court hearing unless the respondent has been personally given (served) a copy of your request and any temporary orders. To show that the respondent has been served, the person who served the forms must fill out a proof of service form. Form WV-200, *Proof of Personal Service*, may be used.

• For information about service, read Form WV-200-INFO, *What Is "Proof of Personal Service"?*

• If you are unable to serve the respondent in time, you may ask for more time to serve the documents. Use Form WV-115, *Request to Continue Court Hearing and to Reissue Temporary Restraining Order*.

Case Number:

Case Number: [blank]

## To the Respondent

- If you want to respond to the request for orders in writing, file Form WV-120, *Response to Request for Workplace Violence Restraining Orders*, and have someone age 18 or older—**not you or anyone to be protected**—mail it to the petitioner.

- The person who mailed the form must fill out a proof of service form. Form WV-250, *Proof of Service of Response by Mail*, may be used. File the completed form with the court before the hearing and bring a copy with you to the court hearing.

- Whether or not you respond in writing, go to the hearing if you want the judge to hear from you before making an order. You may tell the judge why you agree or disagree with the orders requested.

- You may bring witnesses and other evidence.

- At the hearing, the judge may make restraining orders against you that could last up to three years and may order you to sell or turn in any firearms that you own or possess.



**Request for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons with Disabilities and Response* (Form MC-410). (Civ. Code, § 54.8.)

*(Clerk will fill out this part.)*
Notice of Court Hearing

### —Clerk's Certificate—

I certify that this *Notice of Court Hearing* is a true and correct copy of the original on file in the court.



Date: JAN 3 0 2020

Clerk, by _____ , Deputy

| **WV-130** | **Workplace Violence Restraining Order After Hearing** | Clerk stamps date here when form is filed. |

**(1) Petitioner (Employer)**

a. Name: Amazon.com, Inc.

Lawyer for Petitioner *(if any, for this case)*

Name: Nicole S. Phillis    State Bar No.: 291266

Firm Name: Davis Wright Tremaine LLP

b. Your Address *(If you have a lawyer, give your lawyer's information.)*

Address: 865 South Figueroa Street, Suite 2400

City: Los Angeles    State: CA    Zip: 90017

Telephone: 213-633-6800    Fax: 213-633-6899

E-Mail Address: nicolephillis@dwt.com

Fill in court name and street address:

Superior Court of California, County of
Los Angeles
Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA 90012

**(2) Employee (Protected Person)**

Full Name: Robert Ehrmentrout

Court fills in case number when form is filed.

Case Number:

**(3) Respondent (Restrained Person)**

Full Name: Derrick Lee

Description

| Sex: ☒ M  ☐ F  Height: _____  Weight: _____  Date of Birth: _____ |
| Hair Color: _____  Eye Color: _____  Age: 35  Race: Asian |
| Home Address *(if known)*: 710 Silver Valley Trail |
| City: Walnut  State: CA  Zip: 91789 |
| Relationship to Employee:  None |

**(4) ☒ Additional Protected Persons**

In addition to the student, the following family or household members or other students are protected by the temporary orders indicated below:

| Full Name | Sex | Age | Household Member? | Relation to employee |
|---|---|---|---|---|
| Amazon Selling Partner Support Employees | | | ☐ Yes ☒ No | Co-Workers |
| Amazon Customer Service Employees | | | ☐ Yes ☒ No | Co-Workers |
| | | | ☐ Yes ☐ No | |

☐ Additional protected persons are listed at the end of this Order on Attachment 4.

**(5) Expiration Date**

*This Order, except for any award of lawyer's fees, expires at*

Date: _____    Time: _____    ☐ a.m. ☐ p.m.

If no expiration date is written here, this Order expires three years from the date of issuance.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2016, Mandatory Form
Code of Civil Procedure, § 527.8 and 527.9
Approved by DOJ

**Workplace Violence
Restraining Order After Hearing (CLETS—WHO)**
(Workplace Violence Prevention)

WV-130, Page 1 of 6
→

Case Number: _____

**⑥ Hearing**

a. There was a hearing on *(date):* _____ at *(time):* _____ in Dept.: _____ Room: _____
   *(Name of judicial officer):* _____ made the orders at the hearing.

b. These people were at the hearing:
   (1) ☐ The petitioner/employer   *(name):* _____
   (2) ☐ The lawyer for the petitioner/employer *(name):* _____
   (3) ☐ The employee    (4) ☐ The lawyer for the employee *(name):* _____
   (5) ☐ The respondent   (6) ☐ The lawyer for the respondent *(name):* _____
   ☐ Additional persons present are listed at the end of this Order on Attachment 6b.

c. ☐ The hearing is continued. The parties must return to court on *(date):* _____ at *(time):* _____

<div align="center">

**To the Respondent:**

</div>

**The court has granted the orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.**

**⑦ Personal Conduct Orders**

a. You are ordered not do the following things to the employee
   ☐ and to the other protected persons listed in ④:
   (1) ☐ Harass, molest, strike, assault (sexually or otherwise), batter, abuse, destroy personal property of, or disturb the peace of the person.
   (2) ☐ Commit acts of violence or make threats of violence against the person.
   (3) ☐ Follow or stalk the person during work hours or to or from the place of work.
   (4) ☐ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.
   (5) ☐ Enter the person's workplace.
   (6) ☐ Take any action to obtain the person's address or locations. If this item is not checked, the court has found good cause not to make this order.
   (7) ☐ Other *(specify):*
       ☐ Other personal conduct orders are attached at the end of this Order on Attachment 7a(7).
       _____
       _____
       _____
       _____
       _____

b. Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

<div align="center">

**This is a Court Order.**

</div>

Case Number:

---

**⑧ Stay-Away Orders**

a. You must stay at least _____ yards away from *(check all that apply)*:

   (1) ☐ The employee.
   (2) ☐ Each other protected person listed in ④.
   (3) ☐ The employee's workplace.
   (4) ☐ The employee's home.
   (5) ☐ The employee's school.
   (6) ☐ The employee's children's school.

   (7) ☐ The employee's children's place of child care.
   (8) ☐ The employee's vehicle.
   (9) ☐ Other *(specify)*:

   _____
   _____
   _____

b. This stay-away order does not prevent you from going to or from your home or place of employment.

**⑨ No Guns or Other Firearms and Ammunition**

a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

b. If you have not already done so, you must:
   (1) Sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms in your immediate possession or control. This must be done within 24 hours of being served with this Order.
   (2) File a receipt with the court within 48 hours of receiving this Order that proves that your guns have been turned in, sold, or stored. *(You may use form WV-800, Proof of Firearms Turned In, Sold, or Stored, for the receipt.)*

c. ☐ The court has received information that you own or possess a firearm.

d. ☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Code of Civil Procedure section 527.9(f). Under California law, the respondent is not required to relinquish this firearm *(specify make, model, and serial number of firearm(s)):* _____

   The firearm must be in his or her physical possession only during scheduled work hours and during travel to and from his or her place of employment. Even if exempt under California law, the respondent may be subject to federal prosecution for possessing or controlling a firearm.

**⑩ ☐ Costs**

You must pay the following amounts for costs to the petitioner:

| Item | Amount | Item | Amount |
|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |

☐ Additional amounts are attached at the end of this Order on Attachment 10.

---

**This is a Court Order.**

**Workplace Violence
Restraining Order After Hearing (CLETS—WHO)**
(Workplace Violence Prevention)

Case Number:

**(11)** ☐ **Other Orders** *(specify)*:

_____
_____
_____

☐ Additional orders are attached at the end of this Order on Attachment 11.

**To the Person in ①:**

**(12)** **Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. ☐ The clerk will enter this Order and its proof-of-service form into CARPOS.

b. ☐ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

c. ☐ By the close of business on the date that this Order is made, the petitioner or the petitioner's lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agency listed below to enter into CARPOS:

Name of Law Enforcement Agency                    Address *(City, State, Zip)*

_____          _____
_____          _____

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 12.

**(13)** **Service of Order on Respondent**

a. ☐ The respondent personally attended the hearing. No other proof of service is needed.

b. ☐ The respondent did not attend the hearing.

(1) ☐ Proof of service of form WV-110, *Temporary Restraining Order,* was presented to the court. The judge's orders in this form are the same as in form WV-110 except for the expiration date. The respondent must be served with this Order. Service may be by mail.

(2) ☐ The judge's orders in this form are different from the temporary restraining orders in form WV-110. Someone—but not the petitioner or anyone protected by this order—must personally serve a copy of this Order on the respondent.

**(14)** **No Fee to Serve (Notify) Restrained Person**

The sheriff or marshal will serve this Order without charge because the Order is based on a credible threat of violence or stalking.

**(15)** Number of pages attached to this Order, if any: _____

Date: _____          ▶ _____
                                        *Judicial Officer*

**This is a Court Order.**

**Workplace Violence
Restraining Order After Hearing (CLETS—WHO)**
(Workplace Violence Prevention)

Warning and Notice to the Respondent:

Case Number:

## Warning and Notice to the Respondent:

### You Cannot Have Guns or Firearms

Unless item 9d is checked, you cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control as stated in item ⑨. The court will require you to prove that you did so.

## Instructions for Law Enforcement

### Enforcing the Restraining Order
This Order is enforceable by any law enforcement agency that has received the Order, is shown a copy of the Order, or has verified its existence on the California Restraining and Protective Order System (CARPOS). Agencies are encouraged to enter violation messages into CARPOS. If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the Order and then must enforce it. Violations of this Order are subject to criminal penalties.

### Start Date and End Date of Orders
This Order *starts* on the date next to the judge's signature on page 4 and *ends* on the expiration date in item ⑤ on page 1.

### If the Protected Person Contacts the Restrained Person
Even if the protected person invites or consents to contact with the restrained person, this Order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, § 13710(b).)

### Conflicting Orders—Priorities for Enforcement
### If more than one restraining order has been issued, the orders must be enforced according to the following priorities: *(See Pen. Code, § 136.2, Fam. Code, §§ 6383(h)(2), 6405(b).)*

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.
3. *Criminal Order:* If none of the orders includes a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

## This is a Court Order.

**Workplace Violence**
**Restraining Order After Hearing (CLETS—WHO)**
(Workplace Violence Prevention)

Case Number:

Clerk's Certificate
[seal]

(Clerk will fill out this part.)
—Clerk's Certificate—

I certify that this *Workplace Violence Restraining Order After Hearing* is a true and correct copy of the original on file in the court.

Date: _____   Clerk, by _____, Deputy

This is a Court Order.

Workplace Violence
Restraining Order After Hearing (CLETS—WHO)
(Workplace Violence Prevention)

CIVIL CASE COVER
☑ Unlimited   ☐ Limited

Complex Case Designation
☐ Counter   ☐ Joinder

2057R000703

This is a Court Order.

Workplace Violence
Restraining Order After Hearing (CLETS—WHO)
(Workplace Violence Prevention)

WV-130, Page 6 of 6

**WV-800**

**Proof of Firearms Turned In, Sold, or Stored**

① **Petitioner (Employer)**
Name: _____

② **Employee in Need of Protection**
Full Name: _____

③ **Respondent (Person From Whom Protection Is Sought)**
Your Name: _____

Your Lawyer *(if you have one for this case):*
Name: _____ State Bar No.: _____
Firm Name: _____
Your Address *(If you have a lawyer, give your lawyer's information.*
*If you do not have a lawyer and want to keep your home address*
*private, you may give a different mailing address instead. You do not*
*have to give telephone, fax, or e-mail.):*
Address: _____
City: _____ State: _____ Zip: _____
Telephone: _____ Fax: _____
E-Mail Address: _____

*Fill in court name and street address:*

**Superior Court of California, County of**
_____
_____

*Court fills in case number when form is filed.*

**Case Number:**

④ **To the Respondent:**
If the court has ordered you to turn in, sell, or store your firearms, you may use this form to prove to the court that
you have obeyed its orders. When you deliver your unloaded weapons, ask the law enforcement officer or the
licensed gun dealer to complete item ⑤ or ⑥ and item ⑦. After the form is signed, file it with the court clerk.
Keep a copy for yourself. For help, read Form WV-800-INFO, *How Do I Turn in, Sell, or Store My Firearms?*

⑤

⑥

*Signature of law enforcement agent*
⑥ ⑦

⑤ ⑦ **Law Enforcement**

Fill out items ⑤ and ⑦ of this form. Keep a
copy and give the original to the person who
turned in the firearms. ⑦

The firearms listed in ⑤ were turned in on:
Date: _____ at: _____ ☐ a.m. ☐ p.m.

To:
_____
*Name and title of law enforcement agent*

_____
*Name of law enforcement agency*

_____
_____
*Address*

I declare under penalty of perjury under the laws
of the State of California that the information
above is true and correct.
▶

⑦

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2014, Optional Form
Code of Civil Procedure, § 527.9
Penal Code § 29830

**Proof of Firearms Turned In, Sold, or Stored**
**(Workplace Violence Prevention)**

**WV-800, Page 1 of 2**
→

American LegalNet, Inc.
www.FormsWorkFlow.com

## To Licensed Gun Dealer

Fill out items ___ and ___ of this form. Keep a copy and give the original to the person who sold you the firearms or stored them with you.

The firearms listed in ___ were
☐ sold to me ☐ transferred to me for storage on:

Date: _____ at: _____ ☐ a.m. ☐ p.m.

To: _____
    *Name of licensed gun dealer*

_____
*License number*    *Telephone*

_____
*Address*

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

▶ _____
*Signature of gun dealer*

Proof of Firearms Turned In, Sold, or Stored
(Workplace Violence Prevention)

WV-800, Page 1 of 2
→



Judicial Council of California, www.courts.ca.gov
Revised July 1, 2014, Optional Form
Code of Civil Procedure, § 527.9
Penal Code § 29830

**Proof of Firearms Turned In, Sold, or Stored**
(Workplace Violence Prevention)

WV-800, Page 1 of 2
→



Case Number:

**(7) Firearms**

|  | Make | Model | Serial Number |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |

☐ *Check here if you turned in, sold, or stored more firearms. Attach a sheet of paper and write "WV-800, Item 7—Firearms Turned In, Sold, or Stored" for a title. Include make, model, and serial number of each firearm. You may use Form MC-025, Attachment.*

**(8)** Do you have, own, possess, or control any other firearms besides the firearms listed in **(7)**?   ☐ Yes   ☐ No
If you answered yes, have you turned in, sold, or stored those other firearms?   ☐ Yes   ☐ No
*If yes, check one of the boxes below:*

a. ☐ I filed a *Proof of Firearms Turned In, Sold, or Stored* for those firearms with the court on *(date):*

b. ☐ I am filing the proof for those firearms along with this proof.

c. ☐ I have not yet filed the proof for the other firearms. *(Explain why not):*
    ☐ *Check here if there is not enough space below for your answer. Put your complete answer on the attached sheet of paper or Form MC-025 and write "Attachment 8c" for a title.*

_____
_____
_____
_____

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____   ▶   _____
Type or print your name                              Sign your name

(1) Petitioner (Employer)

**Proof of Firearms Turned In, Sold, or Stored**
(Workplace Violence Prevention)

WV-800, Page 2 of 2


American LegalNet, Inc.
www.FormsWorkFlow.com

**WV-120**

# Response to Petition for Workplace Violence Restraining Orders

*Clerk stamps date here when form is filed.*

## Use this form to respond to the *Petition* (form WV-100)

- Read *How Can I Respond to a Petition for Workplace Violence Restraining Orders?* (form WV-120-INFO) to protect your rights.
- Fill out this form and take it to the court clerk.
- Have someone age 18 or older—**not you**—serve the petitioner or the petitioner's lawyer by mail with a copy of this form and any attached pages. *(Use form WV-250, Proof of Service of Response by Mail.)*

*Fill in court name and street address:*

**Superior Court of California, County of**

**(1) Petitioner (Employer)**

Name: _____

**(2) Employee Seeking Protection**

Full Name: _____

*Fill in case number:*

**Case Number:**

**(3) Respondent (Person From Whom Protection Is Sought)**

a. Your Name: _____

Your Lawyer *(if you have one for this case)*

Name: _____ State Bar No.: _____

Firm Name: _____

b. Your Address *(You may give a mailing address if you want to keep your street address private; skip this if you have a lawyer.)*

Address: _____

City: _____ State: _____ Zip: _____

Telephone: _____ Fax: _____

E-Mail Address: _____

> The court will consider your response at the hearing. Write your hearing date, time, and place from form WV-109, item ④ here:
>
> **Hearing Date** → Date: _____ Time: _____
> Dept.: _____ Room: _____
>
> **If you were served with a Temporary Restraining Order, you must obey it until the hearing. At the hearing, the court may make orders against you that last for up to three years.**

**(4) ☐ Personal Conduct Orders**

a. ☐ I agree to the orders requested.

b. ☐ I do not agree to the orders requested.
   *(Specify why you disagree in item ⑪ on page 3.)*

c. ☐ I agree to the following orders (specify below or in item ⑪ on page 3):
   _____
   _____
   _____

**5 ☐ Stay-Away Orders**

a. ☐ I agree to the orders requested.

b. ☐ I do not agree to the orders requested. *(Specify why you disagree in item ⑪ on page 3.)*

c. ☐ I agree to the following orders (specify below or in item ⑪ on page 3):
   _____
   _____

---

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2018, Mandatory Form
Code of Civil Procedure, §§ 527.8 and 527.9

**Response to Petition for Workplace Violence Restraining Orders**
**(Workplace Violence Prevention)**

WV-120, Page 1 of 4
→



Case Number:

**(6)** ☐ **Additional Protected Persons**

a. ☐ I agree that the persons listed in item ④ of the Petition may be protected by the order requested.

b. ☐ I do not agree that the persons listed in item ④ of the Petition may be protected by the order requested.

**(7) Firearms Prohibition and Relinquishment**
If you were served with form WV-110, *Temporary Restraining Order*, you cannot own or possess any guns, other firearms, or ammunition. You must sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms in your immediate possession or control within 24 hours of being served with form WV-110. (See item ⑧ of form WV-110.) You must file a receipt with the court. You may use form WV-800, *Proof of Firearms Turned In, Sold, or Stored* for the receipt.

a. ☐ I do not own or control any guns or other firearms.

b. ☑ I ask for an exemption from the firearms prohibition under Code of Civil Procedure section 527.9(f) because carrying a firearm is a condition of my employment, and my employer is unable to reassign me to another position where a firearm is unnecessary. *(Explain):*

☐ *Check here if there is not enough space below for your answer. Put your complete answer on an attached sheet of paper and write "Attachment 7b—Firearms Surrender Exemption" as a title. You may use form MC-025, Attachment.*

_____

_____

_____

_____

c. ☐ I have turned in my guns and firearms to the police or sold them to or stored them with a licensed gun dealer. A copy of the receipt ☐ is attached. ☐ has already been filed with the court.

(Workplace Violence Prevention)

**(8)** ☐ **Other Orders**

a. ☐ I agree to the orders requested.

b. ☐ I do not agree to the orders requested. *(Specify why you disagree in item ⑪ on page 3.)*

c. ☐ I agree to the following orders *(specify below or in item ⑪ on page 3)*:

_____

_____

_____

_____

_____

_____

_____

**(9)** ☐ **Denial**
I did not do anything described in item ⑧ of form SV-100. *(Skip to ⑪.)*

American LegalNet, Inc.
www.FormsWorkFlow.com

Case Number:

(10) ☐ **Justification or Excuse**

If I did some or all of the things that the petitioner has accused me of, my actions were justified or excused for the following reasons *(explain):*

☐ *Check here if there is not enough space below for your answer. Put your complete answer on an attached sheet of paper and write "Attachment 10—Justification or Excuse" as a title. You may use form MC-025, Attachment.*

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(11) ☐ **Reasons I Do Not Agree to the Orders Requested**

*Explain your answers to each order requested that you do not agree with.*

☐ *Check here if there is not enough space below for your answer. Put your complete answer on an attached sheet of paper and write "Attachment 11—Reasons I Disagree" as a title. You may use form MC-025, Attachment.*

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Response to Petition for Workplace Violence
Restraining Orders
(Workplace Violence Prevention)**

a. ☐  I ask the court to waive the filing fee because the petitioner claims in form WV-100 item ⑤ to be entitled to free filing.

b. ☐  I request that I not be required to pay the filing fee because I am eligible for a fee waiver. *(Form FW-001, Request to Waive Court Fees, must be filed separately.)*

Case Number: _____

**(12) ☐ No Fee for Filing**

a. ☑ I ask the court to waive the filing fee because the petitioner claims in form WV-100 item ⑭ to be entitled to free filing.

b. ☐ I request that I not be required to pay the filing fee because I am eligible for a fee waiver. *(Form FW-001, Request to Waive Court Fees, must be filed separately.)*

**(13) ☐ Costs**

a. ☐ I ask the court to order the petitioner to pay my court costs. The amounts requested are:

| Item | Amount | Item | Amount |
|------|--------|------|--------|
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |

☐ *Check here if there are more items. Put the items and amounts on the attached sheet of paper and write "Attachment 13—Costs" for a title. You may use form MC-025, Attachment.*

b. ☐ I ask the court to deny the request of the person asking for protection that I pay his or her lawyer's fees and costs.

**(14) Number of pages attached to this form, if any:** _____

▶

*Type or print your name*      *Sign your name*

Revised January 1, 2018     **Response to Petition for Workplace Violence**     WV-120, Page 4 of 4
**Restraining Orders**
*(Workplace Violence Prevention)*

American LegalNet, Inc.
www.FormsWorkFlow.com

Date: _____

▶

*Lawyer's name (if any)*      *Lawyer's signature*

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

▶

*Type or print your name*      *Sign your name*

Revised January 1, 2018     **Response to Petition for Workplace Violence**     WV-120, Page 4 of 4
**Restraining Orders**
*(Workplace Violence Prevention)*

American LegalNet, Inc.
www.FormsWorkFlow.com



(Page 1 of 1)

## WV-200  Proof of Personal Service

Clerk stamps date here when form is filed.

**FILED**
Superior Court of California
County of Los Angeles

FEB 0 4 2020

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy
Veronica Cabrera

1. **Petitioner (Employer)**
   Name: Amazon.com Inc.

2. **Employee in Need of Protection**
   Name: Robert Ehrmentrout

3. **Respondent (Person From Whom Protection Is Sought)**
   Name: Derrick Lee

4. **Notice to Server**
   The server must:
   - Be 18 years of age or older.
   - Not be listed in items ①, ②, or ④ of Form WV-100.
   - Give a copy of all documents checked in ⑤ below to the respondent. (You cannot send them by mail.) Then complete and sign this form and give or mail it to the petitioner.

Fill in court name and street address:

Superior Court of California, County of
Los Angeles
111 N. Hill Street
Los Angeles, CA 90012

### PROOF OF PERSONAL SERVICE

Court fills in case number when form is filed.

Case Number:
20STRO00703

5. I gave the respondent a copy of the forms checked below:
   a. ☒ WV-109, *Notice of Court Hearing*
   b. ☒ WV-110, *Temporary Restraining Order*
   c. ☒ WV-100, *Petition for Workplace Violence Restraining Orders*
   d. ☒ WV-120, *Response to Petition for Workplace Violence Restraining Orders* (blank form)
   e. ☒ WV-120-INFO, *How Can I Respond to a Petition for Workplace Violence Restraining Orders?*
   f. ☒ WV-130, *Workplace Violence Restraining Order After Hearing*
   g. ☒ WV-800, *Proof of Firearms Turned In, Sold, or Stored* (blank form)
   h. ☒ Other *(specify):* (WV-120-info; WV250; WV-120-blank forms)

6. I personally gave copies of the documents checked above to the respondent
   a. On *(date):* February 3, 2020   b. At *(time):* 7:30   ☐ a.m. ☒ p.m.
   c. At this address: 710 Silver Valley Trail
      City: Walnut                    State: CA        Zip: 91789

7. **Server's Information**
   Name: Gonzalo Ponce                Telephone: 213.922.9400
   Address: 316 W. 2nd Street, Suite 1110
   City: Los Angeles                  State: CA        Zip: 90012

   *(If you are a registered process server):*
   County of registration: Los Angeles     Registration number: 2018065827

   I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

   Date: February 4, 2020

   Gonzalo Ponce                      ► _____
   *Type or print server's name*          Sign here

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2014, Optional Form
Code of Civil Procedure, §§ 527.8, 1011

**Proof of Personal Service**
**(Workplace Violence Prevention)**

WV-200, Page 1 of 1

# EXHIBIT A

4821-9170-2963v.1 0051461-002010

6771898851 – 1.27.20

| | |
|---|---|
| Joel: | Hi, thank you for calling Amazon seller support. This is Joel. How can I help you today? |
| Man: | What, what happened? Woops. Houdini. Cha-ching. Quit laughing. |
| Joel: | How can I help you sir. |
| Man: | You don't like that? |
| Joel: | Huh? |
| Man: | Why not. Why not. |
| Joel: | What do you mean, sir? I don't understand what you are talking about. |
| Man: | You don't understand shit, bitch. Cha-ching. |
| Joel: | Are you kidding me, sir? |
| Man: | Are you a fucking dumb ass. |
| Joel: | Hello. |
| Man: | Huh? Oh, you are. Are you pregnant? |
| Joel: | Are you okay, sir. Do you have a problem? Do you have a problem? |
| Man: | A problem, yeah. You're too poor. Any questions? |
| Joel: | I don't believe that, sir. |
| Man: | Huh? Thanks for verifying. Why you so poor? Bitch. |
| Joel: | It's not for verification, okay. |
| Man: | Huh, thanks for verifying anyways, bitch. |
| Joel: | What are you talking about, sir? |
| Man: | You don't like that? Huh. |
| Joel: | Do you know what you are talking about, sir? |
| Man: | Bitch. **Poor fucking piece of shit**. Huh? You don't like that. Well, that's too bad. |
| Joel: | I don't believe you. No. I like that, but I don't believe you, sir. |

2

| | |
|---|---|
| Man: | What the fuck are you talking about?  Shut the fuck up. |
| Joel: | Okay, sir. |
| Man: | Bitch.  What are you going to do about it huh?  What are you going to do about it?  What are you going to do, huh?  What are you going to do?  Nothing. |
| Joel: | I am not doing anything, sir. |
| Man: | Exactly, bitch.  **Poor piece of shit**.  Go fuck yourself.  Can't wait until you get terminated, you little bitch. |
| Joel: | You too, sir. |
| Man: | Shut the fuck up.  Huh? |
| Joel: | Okay. |
| Man: | Shut the fuck up.  Five feet, not even five feet.  **I will kick your ass**. |
| Joel: | Okay. |
| Man: | Uh oh.  You're not even five feet you little bitch.  Huh.  What.  You don't like that either.  Well, that's too bad drink milk then, bitch. |
| Joel: | I don't know what you are talking about, sir. |
| Man: | Perfect.  Thanks for verifying again. |
| Joel: | Yeah, perfect. |
| Man: | Bitch. |
| Joel: | Yeah. |
| Man: | Bitch, not even five feet.  **I can knock your ass out.  Knock your ass out.  Bitch**. |
| Joel: | Oh, really. |
| Man: | What are you going to do about it?  Thanks for verifying. |
| Joel: | Laughs. |
| Man: | Exactly.  Call me _____[02:25:8] bitch.  Uh oh. |
| Joel: | Okay, sir. |
| Man: | Oh really.  Hey, don't tell me no more bitch. |

3

Joel:      Do you have a problem, sir. Maybe I can help.

Man:       Have a problem? Yeah, you're too poor wanting to play rich. Thanks for verifying.

Joel:      Are you on a recording tape because...

Man:       Shut the fuck up.

Joel:      Are you a recording, sir?

Man:       Are you recording? I don't need to record.

Joel:      No.

Man:       Huh, it's not what you know it's what you can boom. You little bitch. Go fuck yourself.

Joel:      Oh, I see. I thought you were a recorded tape.

Man:       Bitch. Huh. You guys don't even record shit. I'm not going to record shit you little bitch.

Joel:      No sir, what I mean is that you talking, I thought you were a recording tape.

Man:       Ah. You're a fucking dumb ass.

Joel:      I'm sorry I thought that.

Man:       Bitch, go fuck yourself.

4