CLERK, U.S. DISTRICT COURT
4/23/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: DD DEPUTY

1 | Derrick S. Lee
2 | e92m3lighting@gmail.com
3 | 710 Silver Valley Trail
4 | Walnut, California 91789
5 | Telephone: (909) 896-1858
6 | Defendant in Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amazon.com, Inc., | § Case No. 2:20-cv-03718-DSF(KSx) |
| a Delaware corporation, | § NOTICE OF MOTION TO DISSOLVE TEMPORARY |
| | § RESTRAINING ORDER ISSUED BY A STATE COURT |
| Petitioner, | § Unclean Hands Affirmative Defense |
| v. | § Federal Rule of Civil Procedure 65 |
| Derrick S. Lee, | § Federal Rule of Civil Procedure 65.1 describes a surety |
| an individual, | § corporate bond |
| | § |
| Respondent. | § Petition Filed: January 30, 2020 |
| | § |
| | § |

NOTICE OF MOTION TO DISSOLVE TRO BY DERRICK S. LEE

### NOTICE OF MOTION TO DISSOLVE TRO OBTAINED WITH UNCLEAN HANDS

PLEASE TAKE NOTICE THAT ON April  , 2020 at 8:30AM, or as soon as thereafter as the matter can be heard, in Department:   Room:    of the above-stated court, located at 255 East Temple Street, Los Angeles, California, Defendant Derrick S. Lee, will specifically appear and move for an order from the court to dissolve TRO with Plaintiff's own wrongdoing of Unclean Hands and to be precise by Nicole S. Phillis (former lawyer).

### GROUNDS FOR RELIEF

This motion is made on the ground that the Court may dissolve a TRO under Unclean Hands Doctrine as an affirmative defense. Federal courts have held that a preliminary injunction cannot be sustained unless the court sets forth findings of **fact and conclusions of law. Hearsay** is not fact nor is it a conclusion of any law, as a "**dirty dog will not have justice by the court**" in reverse as a "clean dog will have justice by the court"

### SUPPORTING PAPERS

This motion is based on this notice; all pleadings, papers, and records on file in this action; matters of which the Court takes judicial notice, the accompanying supporting memordandum and declaration of the defendant; and on such evidence as may be presented at the hearing.

Dated: April 17, 2020

By: _____

Derrick S. Lee

Defendant in Pro Se

### DECLARATION OF DEFENDANT IN SUPPORT OF MOTION TO DISSOLVE TRO WITH AFFIRMATIVE DEFENSE UNCLEAN HANDS DOCTRINE

I, Derrick S. Lee, Defendant, deny all allegations.

1. A party will argue that the relief sought should be denied on the basis that the moving party has not come to court with "clean hands" aka amazondotcom.xml (a stalking backdoor).

2. A moving party has been denied equitable relief on the basis that it came to court with unclean hands.

3. The Court has found **evidence** that the Plaintiff has indeed struck the Defendant thousands of times of which to the Court's dismay **never** ceased.

4. Evidence of probable cause leading to a crime has already occured on the Defendant without consent.

5. As such, Plaintiff may be charged with a crime in a court of law.

6. This type of **evidence** presents instances of the Court's refusal to grant relief to the plaintiff because of his wrongful conduct in the very matter which was the subject of the suit in equity.

7. Intentionally filed a false petition is a crime.

8. Falsely filed documents related to mentioned above and recording it in a government office is also a crime

9. Even where a claimant has acted inequitably, courts have shown restraint by refusing to apply the doctrine where the wrongful act is unrelated to the equity sought, however, amazondotcom.xml (a stalking backdoor) happens to exist on the Defendants non-company laptop, as such, is indeed related to the underlying suit and equity sought in connection, Defendant is prepared to in-person show the Court in real time live factual evidence by bringing the non-company laptop in-person to Federal District Court so everyone can see themselves and draw their own verdicts in regards to how the Plaintiff continues to stalk Defendant since Plaintiff never feared the Defendant, the Defendant is actually in fear of the Plaintiff.

10. Since probable cause is required for evidence as facts to arrest criminals in place of a warrant, we pray the Federal Court have police on standby after Defendant showcases in-person factual evidence of a crime that has been occuring for years. **Computer stalking is a felony under computer fraud & abuse act of CFAA, whereas this law enjoins accessing a computer without authorization, this is a "protected computer.**

11. Not only do i affirm and confirm in denying all allegations, i also never agreed to fake summary probation of 3 years for being the victim. I am prepared to argue for the highest injunction bond possible using the federal laws of the United States and what the Court decides to award since a monetary award will never repair my prior non-criminal record back to status quo, which was illegally and wrongly devastated by this Amazon.com, Inc., as the first striking **aggressor** with (amazondotcom.xml) without authorization backdoor.

12. According to the fake petition, the never existed corporate officer Robert E is signing on behalf of Amazon.com, Inc. corporation, whom in real life, is actually John F., so here we have a never existed corporate officer requesting for protection from the Court which is extremely illegally and fraudulent, how is it even possible a never existed person fraudulently requesting for protection, because it is indeed the Defendant whom is in real need of protection from this Sherman Act Section 1 violation under Federal Law. Please have a posse of police and district attorney on standby for an imminent arrest for **numerous** crimes already **commited** against the Court(s) and Defendant in violation of **numerous** state and federal laws.

13. This fake petition was in **revenge** for filing a valid complaint with Attorney General, which is **a crime**, date of letter is February 4, 2020, PIU: 864826, Original copy of letter will be brought to Federal Court in-person.

14. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 17, 2020, Los Angeles, California.   By: *Derrick Lee*

Derrick S. Lee

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISSOLVE TRO OBTAINED WITH UNCLEAN HANDS

In support of the attached motion to dissolve TRO obtained with unclean hands affirmative defense, defendant, Derrick S. Lee proffers the following argument and points of law:

### ARGUMENT

Under Federal law, there are four prerequisites for the extraordinary relief of a TRO. A court may grant such relief only when the movant establishes that: 1) there is a substantial likelihood that the movant will prevail on merits; 2) there is a substantial threat that irreparable harm will result if the [TRO] is not granted; 3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and 4) the granting of the [TRO] will not disserve the public interest.

I.      **Unclean Hands Affirmative Defense.**

"One who seeks equitable relief must approach the court with clean hands." Earle A. Hanson & Assocs. v. Farmers Coop. Creamery Co., 403 F.2d 65, 70 (8th Cir. 1968). If one comes to court "tainted with inequitableness or bad faith **relative** to the matter in which he [or she] seeks relief, however improper may have been the behavior of the defendant," the court may decline to provide relief. Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945). The unclean litigant's conduct "need not neccessarily have been of such a nature as to be punishable as a crime or as to justify legal proceedings of any character." Id. at 815. Instead, "[a]ny willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause" for the court to deny relief based on a litigant's unclean hands. Id. However, the court has a "wide range" of discretion when considering whether to deny relief to a litigant with unclean hands. Id. In addition, defendant must also **consent** to any extension(s) of which, defendant never gave any **consent**. "**he must come to court with clean hands, and keep them clean, or he will be denied relief, regardless of the merits of his claim**" aka amazondotcom.xml (a stalking backdoor).

II.     **Federal Rule of Civil Procedure 65. Injunctions and Restraining Orders.**

(a) Preliminary Injunction.

(1) Notice. The court may issue a preliminary injunction only on notice to the adverse party.

(2) Consolidating the Hearing with the Trial on the Merits. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b) Temporary Restraining Order.

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) Contents; Expiration. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry --not to exceed 14 days --that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) Expediting the Preliminary-Injunction Hearing. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

NOTICE OF MOTION TO DISSOLVE TRO BY DERRICK S. LEE - 4

*(4) Motion to Dissolve. On 2 days' notice to the party who obtained the order without notice —or on shorter notice set by the court --the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires. (emphasis added)*

(c) Security. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

(d) Contents and Scope of Every Injunction and Restraining Order.

(1) Contents. Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued; (B) state its terms specifically; and

(C) describe in reasonable detail --and not by referring to the complaint or other document --the act or acts restrained or required.

(2) Persons Bound. The order binds only the following who receive actual notice of it by personal service or otherwise:

(A) the parties;  (B) the parties' officers, agents, servants, employees, and attorneys; and

(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

(e) Other Laws Not Modified. These rules do not modify the following:

(1) any federal statute relating to temporary restraining orders or preliminary injunctions in actions affecting employer and employee;

(2) 28 U.S.C. §2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader; or

(3) 28 U.S.C. §2284, which relates to actions that must be heard and decided by a three-judge district court.

### RELIEF REQUESTED

WHEREFORE, AND FOR ALL OF THE ABOVE REASONS, defendant prays that the court grants this motion to dissolve TRO for protection against harassment in the workplace, when defendent has no idea where this workplace location is, it is possible it never existed **exactly** like fraud corporate officer Robert Ehrmentrout disguised as real life corporate officer John Fortunato, Jr. with federal worldwide **corporation liabilities**. A trial court may not grant or deny a TRO without first completely analyzing the **facts** (not hearsay), as such an order may be found by an appellate court to be a reversible error and abuse of discretion.

Dated: April 17, 2020                                By: _/s/ Derrick Lee_

                                                                                    Derrick S. Lee

                                                                                    Defendant in Pro Se

NOTICE OF MOTION TO DISSOLVE TRO BY DERRICK S. LEE - 5